Original,
No. 5234.

JOHN S. HOLLAND, *Adm'r w.w.a. & a.*

*v.*

GEORGE METALIOUS *& a.*

Hearing February 27, 1964.
Order Issued February 27, 1964.
Opinion Filed March 18, 1964.

*Devine, Millimet, McDonough, Stahl & Branch* and *John S. Holland* (*Mr. Holland* orally), for the plaintiffs.

*Snierson & Chandler* (*Mr. John P. Chandler* orally), for the defendants, and pro se as guardian *ad litem.*

PER CURIAM. In this case the issue is whether "brief and simple" funeral services shall be conducted over the body of Grace Metalious. Her death-bed will, executed in Boston on February 24, 1964 in the presence of the plaintiff Cremens, a Massachusetts attorney, and other witnesses, bequeathed and devised her entire estate, after the payment of debts, to John Rees of Boston. The third clause of the will expressly stated that no provision was made for the three children of the testatrix, "as I have the fullest confidence that they will be provided for by John Rees, should the need arise."

By the fourth clause of the will, the testatrix left her eyes to the "Eye Bank, Boston, Massachusetts." This provision was carried out.

The fifth clause of the will was as follows: "I direct that no funeral services be held for me, and that my body be given the Dartmouth School of Medicine, for the purpose of experimentation in the interest of medical science. If Dartmouth does not accept then to Harvard Medical School."

The defendants, who are the surviving spouse of the decedent and her children, objected to the carrying out of the fifth clause, and it is not disputed that both of the medical schools named in the clause declined to accept the decedent's body. Thereafter control of the body was released to the family, and the litigation previously outlined ensued. On February 27, 1964 this court dismissed the petition brought by the appointed representatives of the estate, and stated that an opinion would follow at a later date.

In view of the provision of the fifth clause of the will, directing that "no funeral services be held for me," the plaintiffs properly sought the guidance of the Superior Court, sitting in equity, after it became apparent that the provisions of that clause relative to disposition of the testatrix's body could not be carried out, and the surviving spouse and next of kin made known their wishes for funeral services. The jurisdiction of equity in such matters is unquestioned. *Wilson* v. *Read,* 74 N. H. 322; *Lavigne* v. *Wilkinson,* 80 N. H. 221.

Many cases will be found dealing with the rights and duties of survivors with respect to the disposition of the body of a decedent. From those it may be gathered that the general prin-

ciple accepted in most jurisdictions is that the surviving spouse and the next of kin, in that order, are accorded proprietary rights to determine matters relating to burial, at least in the absence of testamentary or other direction by the decedent. 15 Am. Jur., Dead Bodies, *ss*. 9-14; 25 C.J.S. 1017, Dead Bodies, *s*. 3; Grinnell, Legal Rights in the Remains of the Dead, 17 Green Bag 345. See RSA 611:23. It has been said that the wishes of a decedent will be carried out so far as possible, but that rights in matters of burial or disinterment are not absolute, and will be governed "by rules of propriety and reasonableness determinable by a court of equity upon due application." *Wilson* v. *Read, supra*, 326. See Annot. 21 A.L.R. 2d 472. "And such methods should be adopted in dealing with these unfortunate disputes as are best calculated to reach just and equitable results, and to inflict the least trouble and distress upon the parties." *Lavigne* v. *Wilkinson, supra*, 224.

In the ordinary case, instructions by a decedent, by will or otherwise, with respect to disposition of his body or funeral services or burial, should be respected and followed in preference to opposing wishes of his survivors.

The right to "decent burial" is one which has long been recognized at common law, and in which the public as well as the individual has an interest. Grinnell, *op. cit., supra*; 19 Ohio St. L. J. 455, 456. This is apparent from numerous statutory provisions enacted over the years, providing for the "decent burial" of paupers (RSA 165:3), of the indigent insane (RSA 135:27), and of unclaimed bodies surrendered to physicians and surgeons (RSA 291:1) or medical schools (RSA 611:24) "for the advancement of anatomical and medical science." RSA 291:1, 2.

At the same time, the policy of using unclaimed bodies to advance scientific study has been given recognition over a period beginning at least as early as 1869. Laws 1869, 40:1. (RSA 291:1, *supra*). It may be noted however, that in the light of current medical advances (see 1 Page on Wills (Bowe-Parker Rev.), *s*. 16.19), existing "anatomical" statutes, such as RSA ch. 291, *supra*, are inadequate, and the need for appropriate statutory provision to implement the desires of the dying to aid the living is increasingly urgent. See Comment: The Law of Dead Bodies: Impeding Medical Progress, 19 Ohio St. L. J. 455 (1958); The Law of Testamentary Disposition—A Legal Barrier to Medical Advance, 30 Temple L. Q. 40 (1956); Note:

Donation of Dead Bodies and Parts Thereof for Medical Use, 21 U. Pitt. L. Rev. 523 (1960).

No issue arises in this case concerning the validity of a testamentary provision for donation of the body of a testatrix to a medical school for scientific study, since the donees named in this will have declined the gift. Similarly there is no issue in this case concerning burial, or place of burial.

In the will of this testatrix, the direction that "no funeral services be held for me" was coupled with her attempted donation of her body for scientific uses. The primary purpose of the testatrix having failed, it was not unreasonable to conclude that the wishes of her surviving spouse and children should take precedence. *Matter of Currier*, 300 N. Y. 162.

In the circumstances presented, denial by the Superior Court of an injunction against the "brief and simple" funeral services proposed and desired by surviving relatives cannot be held as a matter of law to be an abuse of discretion.

Accordingly, the order with respect to the petition filed in this court is

*Petition dismissed.*