Liza TOZER and Nicholas Warden *v.*
Steve WARDEN

CA 07-796                                           278 S.W.3d 134

Court of Appeals of Arkansas
Opinion delivered February 27, 2008

*Brian G. Brooks, Attorney at Law, PLLC,* by: *Brian G. Brooks,* for appellants.

Appellee, pro se.

BRIAN S. MILLER, Judge. This appeal, which is a case of first impression for this court, requires us to determine whether the trial court erred in denying the appellants' petition to disinter the remains of their deceased family member. We adopt the analysis of the courts of Ohio and New York and reverse and remand with directions to the trial court to consider and make findings on the following factors: (1) the degree of relationship that the party seeking reinterment bears to the decedent, (2) the degree of relationship that the party seeking to prevent reinterment bears to the decedent, (3) the desire of the decedent, (4) the conduct of the person seeking reinterment, especially as it may relate to the circumstances of the original interment, (5) the conduct of the person seeking to prevent reinterment, (6) the length of time that has elapsed since the original interment, and (7) the strength of the reasons offered both in favor of and in opposition to reinterment.

Tamara Warden died in an automobile accident in July 2000, when she was seventeen years old. Her body was interred in the Oxford Cemetery in Oxford, Fulton County, Arkansas. Appellants, Lisa Tozer and Nicholas Warden, are Tamara's mother and brother, respectively. Appellee Steve Warden is Lisa's former husband and Tamara's adoptive father.

In March 2007, appellants filed a petition seeking to disinter Tamara's remains from the Oxford Cemetery and have them reinterred in the Westbrook Cemetery in Beebe, White County, Arkansas. Appellee opposed the petition. Because there are no

reported Arkansas cases upon which the trial court could rely in making its decision, the trial court relied upon ecclesiastical law and certain other ancient common-law doctrines, and found that there is no property interest in a dead body and that after Tamara's burial, her body became part and parcel of the ground to which it was committed. Based on this analysis, the trial court denied appellants' petition.

The standard of review on appeal from a bench trial is whether the trial court's findings are clearly erroneous or clearly against the preponderance of the evidence. *Pablo v. Crowder*, 95 Ark. App. 268, 236 S.W.3d 559 (2006). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a firm conviction that an error has been committed. *Pulaski County v. Ark. Democrat-Gazette, Inc.*, 371 Ark. 217, S.W.3d (2007). Facts in dispute and determinations of credibility are within the province of the fact-finder. *Id.*

The Arkansas State Board of Health is vested with the authority to promulgate rules and regulations governing the interment and disinterment of remains. *See Alford v. Hale*, 85 Ark. App. 23, 145 S.W.3d 389 (2004). Pursuant to this authority, the State Board of Health promulgated Regulation 7.4 of the Rules and Regulations pertaining to Vital Records. *See id.* Rule 7.4 provides in pertinent part:

> No dead human body shall be removed from its place of original interment except under the following conditions:
>
> (1) Unless a permit from the State Registrar or his designated representative marked "Disinterment Permit" be secured by a licensed funeral director in charge of the disinterment.
>
> The qualified person making the application shall present to the State Registrar, the correct name, age, date of death of the body to be disinterred, place of disinterment, together with written consent of the next of kin or their authorized representative, by the local law enforcement officer, or by court order.

Although consent of the next of kin is required, the next of kin are not required to offer a compelling reason for disinterment. *See Alford, supra.*

Appellants argue that appellee's permission was not needed and that once a next of kin requests disinterment, the request must be granted. We disagree and hold that either appellee's consent was

necessary or, in cases where there is disagreement, the matter must be submitted for a judicial decision. Appellee was Tamara's adoptive father, and for all intents and purposes, appellee was Tamara's legitimate blood descendent. *See* Ark. Code Ann. § 9-9-215(a) (Supp. 2007). Therefore, the present dispute involves family members who are of the same degree of consanguinity. The fact that Tamara's sibling joins in the petition fails, in and of itself, to tip the scale in favor of disinterment. When determining an issue this important, the trial court cannot simply count the votes on either side and make its decision based upon a majority vote by family members.

■ ■ Regulation 7.4 permits the family to obtain approval to disinter a family member without court approval when the family is in agreement on the request. When the family is in disagreement, however, the trial court must decide whether to permit disinterment. This leaves open the question of what factors the trial court should consider when deciding whether to permit disinterment. The States of Ohio and New York have determined that the following factors should be considered:

> (1) the degree of relationship that the party seeking reinterment bears to the decedent, (2) the degree of relationship that the party seeking to prevent reinterment bears to the decedent, (3) the desire of the decedent, (4) the conduct of the person seeking reinterment, especially as it may relate to the circumstances of the original interment, (5) the conduct of the person seeking to prevent reinterment, (6) the length of time that has elapsed since the original interment, and (7) the strength of the reasons offered both in favor of and in opposition to reinterment.

*In re Disinterment of Frobose*, 163 Ohio App. 3d 739, 840 N.E.2d 249 (2005); *Yome v. Gorman*, 242 N.Y. 395, 152 N.E. 126 (1926). We find these factors persuasive and therefore adopt them. Consequently, we reverse and remand this case and direct the trial court to consider and make findings regarding these factors.

Reversed and remanded.

PITTMAN, C.J., and GLOVER, J., agree.