2010 Ark. App. 233

**Patsy Adele LONG, Personal Representative for the Estate of Mack Henry Long, deceased, Appellant**

v.

**Fredye Long ALFORD and Brandon Trueman Eckhart, Appellees.**

No. CA 09–676.

Court of Appeals of Arkansas.

March 10, 2010.

Rehearing Denied April 14, 2010.

Stanley Douglass Rauls, Little Rock, for appellant.

Fredye Long Alford, Texarkana, for appellees.

JOHN B. ROBBINS, Judge.

This appeal involves an acrimonious dispute over the estate of Mack Henry Long, deceased. The probate proceedings were consolidated with a declaratory-judgment action involving the construction of a trust created by decedent. The Pulaski County Circuit Court denied a request by appellant Patsy Long, the ex-wife of decedent and executrix of his estate, to exhume his remains for reburial in a plot decedent owned with Long; allowed the claim against the estate filed by appellee Fredye Alford, decedent's only child, for the expense of the funeral arranged by Alford; and appointed a successor trustee to administer a trust created by decedent. Long raises three points challenging those rulings. We affirm in part, reverse in part, and dismiss in part.[1]

The decedent and Long were married for approximately seven years before they divorced in 1977. After their divorce, decedent and Long lived together for more than thirty years until decedent's death on July 30, 2008. In 2005, decedent executed a will in which he referred to Long as his spouse. In his will, decedent bequeathed his entire estate to a revocable trust. The will nominated decedent's brother Garland Hughes and Long to serve as co-administrators of his estate. Finally, the will provided that decedent had made arrangements for burial in a specific plot in Roselawn Memorial Garden in Pine Bluff. He directed that Long alone make all final arrangements.

Alford filed a petition seeking to have decedent's estate administered intestate. The petition was filed on the day of decedent's death. The circuit court appointed Alford as administratrix on the same day. On Long's motion, the court revoked the letters of administration one week later on August 7, 2008. Long filed a petition seeking to admit the decedent's will to probate on August 6, 2008. The will was admitted to probate and Long was appointed personal representative of the estate by order entered on December 4, 2008.

On January 6, 2009, Alford filed an amended claim against the estate in the amount of $11,675.63. This claim included, among other things, the expense of the funeral, the monument for decedent's grave, veterinary expenses for the decedent's dog, Bunny, and a monument for the dog's grave.

On January 20, 2009, Long filed a petition seeking to exhume the decedent's body so that it could be reburied in a plot decedent owned with Long in the same cemetery in Pine Bluff. The petition al-

---

1. At oral argument, Long conceded that her third issue concerning the construction of the trust is not final for purposes of this appeal. We agree that the issue is not a final, appeal-able order. Therefore, we pretermit further discussion of the issue and dismiss that portion of the appeal without prejudice.

leged that Alford made the arrangements for decedent's burial in disregard of decedent's wishes. The petition cited Arkansas Code Annotated section 20–17–102 (Repl. 2005) as authority and sought to have the cost of exhumation and reburial paid from the trust.

In her response to the petition to exhume, Alford stated that, at the time of burial, she was unaware of the provision of her father's will specifying where he was to be buried or that Long was to make the funeral arrangements. Alford also asserted that Long was estopped from seeking the exhumation of decedent's body because she failed to bring the directive to the attention of either Alford or the funeral director until approximately six months after decedent's death. In support of her response, Alford also submitted an affidavit from Vonda Gifford, the funeral director who made the arrangements for the decedent's funeral, who stated that she had two telephone conversations with Long concerning the arrangements. In the first conversation, Gifford said that she advised Long that burial would be at Roselawn Cemetery. Gifford said that, in the second conversation, which was on the day of the funeral, Long advised her that she would not attend the graveside services. Gifford further stated that Long never advised her about the existence of decedent's will or otherwise objected to the funeral arrangements or place of burial. In a second affidavit, Adam Robinson, the owner of the funeral home, testified that the cost of exhuming the body and moving it to another plot would be $3,272, not including the cost of moving the monument.

On March 10, 2009, the circuit court entered an order allowing Alford's claim against the estate in the sum of $10,014.71. The claim as allowed included a reduced fee for the funeral home and the cost of

Bunny's veterinary treatment. The court disallowed a claim for the monument for the dog's grave. The court took Long's petition to exhume the body under advisement.

On March 13, 2009, the circuit court issued a letter opinion regarding Long's request for exhumation. The court found that decedent complied with section 20–17–102(b). The court stated that, had decedent's directive been known prior to burial, the court would have ordered that decedent be buried as he directed. However, the court found that only Long knew about the directive and did not bring it to the attention of either Alford or the funeral director. The court noted that there was a strong public policy against disinterment. The court also considered the factors set forth in *Tozer v. Warden,* 101 Ark.App. 396, 278 S.W.3d 134 (2008). The court concluded that the public policy against disinterment, the unanimous wishes of decedent's family, Long's failure to call attention to the directive before burial, and Long's lack of any family relationship to decedent outweighed decedent's directive. The court denied the request for exhumation. The court's written order on the request for exhumation was entered on March 23, 2009. On March 25, 2009, Long filed her notice of appeal from both the order concerning the claim against the estate and the order on exhumation.

Our standard of review in probate cases is well settled. This court reviews probate proceedings de novo on the record, but it will not reverse the decision of the circuit court unless it is clearly erroneous. *Seymour v. Biehslich,* 371 Ark. 359, 266 S.W.3d 722 (2007).

We first address Alford's argument that we lack appellate jurisdiction over Long's first point concerning the request to exhume the decedent's body. Alford bases her argument on Arkansas Code

Annotated section 28–1–104 (Repl.2004), which sets forth the jurisdiction of the probate court. Section 28–1–104 does not list exhumation as one of the seven areas governed by the probate code.[2] Because exhumation is not listed, this court, according to Alford, lacks authority to consider the exhumation issue. We disagree.

Probate orders, with two exceptions neither of which is applicable here, are appealable pursuant to Ark.Code Ann. § 28–1–116(a) (Supp.2004) and Arkansas Rule of Appellate Procedure—Civil 2(a)(12), which incorporates this statute.[3] *See Sanford v. Murdoch*, 374 Ark. 12, 285 S.W.3d 620 (2008). We hold that we have appellate jurisdiction because the personal representative petitioned the probate division of the circuit court, during administration of the decedent's estate, to enforce a provision in the decedent's will by ordering exhumation and reburial. We now proceed to the merits of the appeal.

■ In her first point, Long argues that the circuit court erred in failing to enforce decedent's clear wishes as to his place of burial contained in his will. We agree.

The statute at issue, Arkansas Code Annotated section 20–17–102, provides in pertinent part:

(b)(1) An individual of sound mind and eighteen (18) or more years of age may execute at any time a declaration governing the final disposition of his or her bodily remains at his or her death, provided the disposition is in accordance with existing laws, rules, and practices for disposing of human remains.

(2) The declaration of final disposition executed under this section shall be signed by the declarant or another at the declarant's direction and shall be witnessed by two (2) individuals.

(3) No additional consent of any other person is required if the declaration of final disposition contains a disposition authorized under this section and is otherwise valid under this section.

(c) No person having possession, charge, or control of the declarant's human remains following the death of a person who has executed a declaration of final disposition shall knowingly dispose of the body in a manner inconsistent with the declaration.

Ark.Code Ann. § 20–17–102(b), (c).[4]

■ The principal or fundamental rule in construing wills is to ascertain the in-

2. The jurisdictional areas include (1) the administration, settlement, and distribution of estates of decedents; (2) the probate of wills; (3) the persons and estates of minors; (4) persons of unsound mind and their estates; (5) the determination of heirship or of adoption; (6) the restoration of lost wills and the construction of wills when incident to the administration of an estate; and (7) all such other matters as are provided by law.

3. Section 28–1–116 provides in pertinent part:
(a) Appeal Permitted. Except as provided in subsection (b) of this section, a person aggrieved by an order of the circuit court in probate proceedings under the provisions of the Probate Code may obtain a review of the order by the Supreme Court or the Court of Appeals.

(b) Orders Which Are Not Appealable. There shall be no appeal from an order:
(1) Removing a fiduciary for failure to give a new bond or to render an account as required by the court; or
(2) Appointing a special administrator.

4. Section 20–17–102 was amended in 2009, effective July 31, 2009. *See* Ark. Op. Att'y Gen. 2009–90 (June 1, 2009). Subsections (b) and (c) were essentially unchanged. The amendments specified the hierarchy of persons entitled to control the remains of a person who made a declaration as provided in this section, specified a list of factors a court was to consider in resolving disputes between persons sharing the right of control, and provided that the right to control could be waived. *See* Ark.Code Ann. § 20–17–102(d) through (f) (Supp.2009). Because the amend-

tent of the testator and give it effect. *Yeates v. Yeates,* 179 Ark. 543, 16 S.W.2d 996 (1929). The circuit court found that decedent complied with the statute by including the directive as a part of his will. The court also found that Alford did not knowingly dispose of decedent's remains in violation of his directive. However, the court declined to enforce that directive. Instead, the court also found that Long, as decedent's designee, had waived her right to control the disposition of decedent's remains by failing to promptly assert her right. However, in doing so the circuit court failed to recognize that the statute deals with two separate but related rights: the decedent's right to control and specify the disposition of his or her remains, and the right of the person so designated.

Long may have waived her right to make disposition decisions at the time of death. But that waiver does not undermine the decedent's right to decide the burial issue, which he did. Under the circumstances of this case, where decedent executed a directive that complied with section 20–17–102 and the existence of that directive was known prior to decedent's death and burial, the failure to give the decedent's directive controlling weight would create an illusory right.[5] Our opinion today simply confirms the public policy of the state as set by the legislature in section 20–17–102. It is only when a decedent fails to make a directive during the course of his or her life that the right and obligation fall upon a survivor. Moreover, other courts have held that a decedent's wishes concerning the ultimate disposition of his or her remains are entitled to consideration and should be carried out as far

as possible. *E.g., Cottingham v. McKee,* 821 So.2d 169 (Ala.2001); *Byrd v. Byrd,* 488 So.2d 1134 (La.App.1986); *Rosenblum v. New Mt. Sinai Cemetery Ass'n,* 481 S.W.2d 593 (Mo.App.1972); *Holland v. Metalious,* 105 N.H. 290, 198 A.2d 654 (1964); *Booth v. Huff,* 273 A.D.2d 576, 708 N.Y.S.2d 757 (N.Y.App.Div.2000). Many of the cases are collected in Frank D. Wagner, *Enforcement of preference expressed by decedent as to disposition of his body after death,* 54 A.L.R.3d 1037 (1973). We therefore reverse the circuit court's order denying exhumation and remand for entry of an order permitting Long to exhume decedent's remains for reburial in accordance with his directive. The cost of compliance should be treated as an additional funeral expense.

In her second point, Long asserts that the circuit court erred in allowing Alford's claim against the estate for approximately $10,000 for funeral expenses. Her argument is that the claim is unreasonable because Alford was responsible for decedent being buried in the wrong plot and decedent had already purchased a monument for the grave. Long seeks to have the amount of the claim reduced by the amount it would cost to exhume the decedent's remains and bury them in the correct plot.[6] However, we affirm the full amount of the funeral expenses awarded to Alford. The circuit court found, and there was evidence to support, that Alford acted in good faith in making the funeral arrangements and was unaware of the will's directive concerning the decedent's place of burial. We hold that the circuit court's

---

ed version of the statute was not in effect at the time of trial, we cite to and refer to the older version of the statute.

**5.** Under these circumstances, the *Tozer* factors will, ordinarily, not apply because the

deceased will be buried in accordance with his or her wishes.

**6.** The cost would be approximately $3,200.

findings and determination on this issue were not clearly erroneous.

Affirmed in part; reversed in part; dismissed in part.

GLOVER and MARSHALL, JJ., agree.