SLIP OPINION

Cite as 2014 Ark. App. 581

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-13-1104

| | |
|---|---|
| BANK OF THE OZARKS<br><br>APPELLANT<br><br>V.<br><br><br>SUSAN COSSEY<br><br>APPELLEE | **Opinion Delivered** October 29, 2014<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTEENTH DIVISION [NO. 60PR-13-43]<br><br>HONORABLE MORGAN E. WELCH, JUDGE<br><br>DISMISSED WITHOUT PREJUDICE |

## BILL H. WALMSLEY, Judge

Appellant Bank of the Ozarks (the Bank) appeals from orders declaring it to be the trustee of the Hamilton Living Trust, ordering it to provide an accounting to appellee Susan Cossey, and awarding attorney's fees to Cossey. We dismiss the appeal for lack of a final order.

The Hamilton Living Trust was created by Cossey's parents, Frank and Margaret Hamilton. The Hamiltons served as trustees during their lifetime, and the Bank was slated to become successor trustee upon both of their deaths. Cossey and her brother, Larry Hamilton, were the beneficiaries of the trust and would receive its proceeds upon their parents' deaths.

Frank Hamilton died in November 2008, and Margaret Hamilton died in November 2009. Shortly thereafter, the Bank sent a letter to Larry Hamilton, declining to serve as successor trustee. The Bank's repudiation gave Larry Hamilton and Susan Cossey the power to name a successor trustee, but they did not do so.

After rejecting the trusteeship, the Bank began distributing money from a trust account to Larry Hamilton, purportedly to cover his mother's funeral expenses and certain bills pertaining to her property. The Bank also liquidated trust-owned securities at Larry Hamilton's request. These activities took place over a period of years, during which the Bank intermittently urged Larry Hamilton to select a new trustee, to no avail.

In January 2013, Cossey—who had not been copied on the communications between the Bank and her brother—filed a petition in Pulaski County Circuit Court, demanding an accounting from the Bank. She alleged that the Bank had served as the successor trustee of the Hamilton Living Trust since Margaret Hamilton's death in 2009 and had failed to provide the quarterly accountings required by the trust. The Bank answered that it had no duty to provide an accounting because it had rejected the trusteeship of the Hamilton Living Trust. Following a bench trial, the circuit court declared that the Bank had acted as trustee and ordered the Bank to perform an accounting within thirty days. In a subsequent order, the court awarded Cossey $9,441.50 in attorney's fees and costs. The Bank appeals from those orders.[1]

The question of whether an order is final and appealable is jurisdictional, and this court is obligated to consider the issue on its own even if the parties do not raise it. *King v. Jackson*, 2014 Ark. App. 488. An order that contemplates further action by a party or the court is not a final, appealable order. *Oldenberg v. Ark. State Med. Bd.*, 2013 Ark. App. 599. Even though the issue decided by the circuit court might be an important one, an appeal will be premature if the court's decision does not, from a practical standpoint, conclude the merits of the case.

---

[1] The court stayed its orders pending appeal.

SLIP OPINION

*Id.*

In the present case, the circuit court declared the Bank to be trustee of the Hamilton Living Trust and ordered the Bank to provide Cossey with an accounting. The accounting has yet to be performed and will necessarily involve future actions by the Bank, as well as future oversight and rulings by the circuit judge. The court's order therefore contemplates further action by a party or the court and is not final and appealable.

We are aware that the Bank's notice of appeal cites Ark. R. App. P. 2(a)(12) (2014), and Ark. Code Ann. § 28-1-116 (Repl. 2012), as authority for pursuing an appeal at this juncture. Rule 2(a)(12) permits an appeal from all orders in probate cases (with certain rare exceptions) as allowed by section 28-1-116, which provides in pertinent part:

> (a) APPEAL PERMITTED. Except as provided in subsection (b) of this section, a person aggrieved by an order of the circuit court in probate proceedings under the provisions of the Probate Code may obtain a review of the order by the Supreme Court or the Court of Appeals.

> (b) ORDERS WHICH ARE NOT APPEALABLE. There shall be no appeal from an order:

> (1) Removing a fiduciary for failure to give a new bond or to render an account as required by the court; or

> (2) Appointing a special administrator.

We have interpreted section 28-1-116(a) to allow an immediate appeal from almost any probate order. *See Ferguson v. Ferguson*, 2009 Ark. App. 549, 334 S.W.3d 425. However, under the terms of the statute, the order must be from a probate proceeding under the provisions of the Probate Code. The present appeal does not fall within that category.

The list of statutes that make up the Probate Code appears in the notes to Ark. Code

SLIP OPINION

Ann. § 28-1-101 (Repl. 2012). The list does not include the statute at the heart of this case, Ark. Code Ann. § 28-73-701 (Repl. 2012), which sets forth the method of accepting or declining a trusteeship and is part of the Arkansas Trust Code. Further, Ark. Code Ann. § 28-1-104 (Repl. 2012), contains a list of matters that are considered probate proceedings. Trust matters do not appear on the list and historically have not been cognizable as probate matters. *See Schenebeck v. Schenebeck*, 329 Ark. 198, 947 S.W.2d 367 (1997); *Thomas v. Ark. Dep't of Human Servs.*, 319 Ark. 782, 894 S.W.2d 584 (1995).[2] Section 28-1-116 therefore does not confer appealability on the court's order declaring the Bank to be the trustee.

We understand that, as a practical matter, the Bank would prefer to settle the question of its trusteeship on appeal before providing the accounting ordered by the court. The Bank may wish to consider Ark. R. Civ. P. Rule 54(b) (2014), which permits a circuit court to certify an order as appealable even where all claims in the case have not been resolved. The certification must be contained in a Rule 54(b) certificate that appears immediately after the court's signature on the judgment, and the certificate must contain "an express determination, supported by specific factual findings, that there is no just reason for delay" of an appeal. Ark. R. Civ. P. 54(b)(1) (2014).

Without commenting on the propriety of a Rule 54(b) certificate or its future

---

[2]The jurisdictional divide between trust and probate cases no longer exists because amendment 80 to the Arkansas Constitution gave the circuit court jurisdiction over all matters previously cognizable in circuit, chancery, probate, and juvenile court. *In re Estate of Thompson*, 2014 Ark. 237, 434 S.W.3d 877. However, the distinction remains for the purpose of determining whether an immediate appeal may be taken under section 28-1-116. *See, e.g.*, *Long v. Alford*, 2010 Ark. App. 233, at 2 n.1, 374 S.W.3d 219, 220 n.1.

contents, we simply bring this rule to the Bank's attention. For now, in the absence of a final order or an order containing a proper Rule 54(b) certificate, followed by a timely notice of appeal, we lack jurisdiction to review the challenged order. We therefore dismiss the appeal without prejudice.[3]

Dismissed without prejudice.

HARRISON and GRUBER, JJ., agree.

*Rose Law Firm, A Professional Association*, by: *Amanda K. Wofford*, for appellant.

*Dodds, Kidd & Ryan*, by: *David W. Kamps*, for appellee.

---

[3]Our analysis applies equally to the Bank's appeal from the attorney-fee order. Without a final order, no appeal can be entertained by our court, even on a collateral issue such as attorney's fees. *LaRue v. Ground Zero Constr. Co.*, 2014 Ark. App. 93.