# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### October 22, 2014 Session

# IN RE: ESTATE OF JOHN J. GOZA

**Direct Appeal from the Probate Court for Shelby County**
**No. D-10567       Kathleen N. Gomes, Judge**

---

**No. W2013-02240-COA-R3-CV - Filed December 19, 2014**

---

This is an appeal from a probate court order denying an Estate's request to enter a writ of *scire facias* to show cause why a bank acting as trustee of certain funds should not be divested of those funds. The probate court determined in a prior case that the Estate's claim to the funds was barred by res judicata. The court of appeals affirmed the probate court's order and remanded the case for the sole purpose of resolving issues related to an award of attorney's fees to the bank. On remand, the Estate filed its request for a writ of *scire facias* before the court addressed the issue of attorney's fees. The probate court denied the Estate's motion, stating that it raised the same issues that multiple courts determined were barred by res judicata. The Estate appealed. We affirm the judgment of the probate court and award damages for frivolous appeal under Tennessee Code Annotated section 27-1-122.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court Affirmed and Remanded**

BRANDON O. GIBSON, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S., and W. NEAL MCBRAYER, J., joined.

Larry E. Parrish, Memphis, Tennessee, for the appellant, The Estate of John J. Goza.

Kenneth P. Jones and M. Matthew Thornton, Memphis, Tennessee, for the appellee, SunTrust Bank, N.A.

Robert E. Cooper, Jr., Attorney General and Reporter; Joseph F. Whalen, Acting Solicitor General; and Janet M. Kleinfelter, Deputy Attorney General, Nashville, Tennessee, for the appellee, State of Tennessee.

**OPINION**

**I. BACKGROUND AND PROCEDURAL HISTORY**

This case has an unusual procedural history. Matters related to the Estate of John J. Goza have come before this Court on numerous occasions, and we only briefly restate the underlying facts giving rise to this appeal. For a more thorough recitation of the facts underlying this case, see this Court's opinion in *Morrow v. SunTrust Bank*, No. W2010-01547-COA-R3-CV, 2011 WL 334507 (Tenn. Ct. App. Jan. 31, 2011) (*no perm. app. filed*) ("*Goza I*").

In 1991, Helen B. Goza executed a Trust Agreement that created a Living Trust. *Goza I*, at *1. The Trust Agreement provided that the trust's assets be used for her benefit and for the benefit of her mentally disabled son, John J. Goza, during each of their lifetimes. *Id.* Ms. Goza amended the Trust Agreement in March 1999 and April 1999. *Id.* *1-2. The March 1999 Agreement provided that if John Goza survived Ms. Goza, the trustee should, upon her death, set aside a portion of the trust estate in a separate trust for the benefit of John during his lifetime, with the balance of the estate to be distributed to a Perpetual Trust for the benefit of organizations providing services to the mentally handicapped. *Id.* at *1. The March 1999 Agreement failed, however, to provide for a complete disposition of the assets remaining in the separate trust at John Goza's death. *Id.* The April 1999 Agreement provided that upon John Goza's death, $5,000 from the separate trust should be disbursed to the American Diabetes Association, with the remaining balance going into the Perpetual Trust benefitting organizations that serve the mentally handicapped. *Id.* at *2. Helen Goza died in May 2001 survived by her son. *Id.* John Goza died in September 2007 without issue. *Id.*

*Goza I* arose from a complaint for declaratory judgment filed against the Trustee of the Perpetual Trust, SunTrust Bank ("SunTrust"), by David L. Morrow and Judy M. Wright in Shelby County Chancery Court. *Id.* Mr. Morrow and Ms. Wright, Ms. Goza's nephew and niece, sought a declaration that the March 1999 Agreement failed to provide a complete disposition of the assets remaining in the separate trust at John Goza's death and, therefore, those should pass to them as Helen Goza's heirs according to the rules of intestate succession. *Id.* The Attorney General intervened and filed a motion for summary judgment on the grounds that the April 1999 Agreement superceded the March 1999 Agreement and provided for a full disposition of the assets. *Id.* In response, Mr. Morrow and Ms. Wright requested summary judgment be granted in their favor declaring the April 1999 Agreement null and void because it altered Ms. Goza's unambiguous statement of intent in the March 1999 Agreement. *Id.* at *3. Following two hearings on the motions, the chancery court granted the attorney general's motion for summary judgment in February 2010. *Id.* at *4.

The chancery court found that the entire sequence of events showed Ms. Goza's intent was to provide a complete disposition of the trust assets to the Perpetual Trust at John Goza's death. *Id.* Mr. Morrow and Ms. Wright filed a motion to alter or amend the judgment, arguing for the first time that the April 1999 Agreement was legally ineffective to create the Perpetual Trust. *Id.* They argued that because the Perpetual Trust was ineffective, the proceeds of Ms. Goza's Living Trust should have been distributed to them through intestate succession. *Id.* In June 2010, the chancery court entered an order denying the motion to alter or amend, and Mr. Morrow and Ms. Wright appealed. *Id.* at *5.

While the appeal in *Goza I* was still pending, Mr. Morrow initiated separate proceedings in Shelby County Probate Court that would eventually lead to this Court's opinion in *In re Estate of Goza*, 397 S.W.3d 564 (Tenn. Ct. App. 2012), *perm. app. denied* (Tenn. Sept. 20, 2012) ("*Goza II*"). In October 2010, Mr. Morrow filed a petition in probate court requesting to be appointed personal representative of Mr. Goza's estate ("the Estate"). *Goza II*, at 566. The probate court granted the petition. *Id.* Acting in his capacity as personal representative of the Estate, Mr. Morrow filed a petition in the probate court to require SunTrust to turn over the trust assets in its possession to the Estate. *Id.* at 566-67. SunTrust replied, asserting that it would follow the terms of the April 1999 Agreement unless given contrary instructions by the court. *Id.* at 567. Prior to oral arguments on the petition, this Court issued its opinion in *Goza I*, affirming the chancery court's determination that the April 1999 Agreement validly provided for the disposition of the trust assets to the Perpetual Trust. *Id.* In light of this Court's opinion in *Goza I*, the probate court denied the Estate's petition as being barred by res judicata and/or the law of the case on May 27, 2011. *Id.* SunTrust requested a reimbursement for its attorney's fees incurred in defending the matter, which the probate court denied without prejudice. *Id.* at 571. The Estate appealed, and this Court affirmed in its opinion in *Goza II*, which was issued in April 2012. *Id.* This Court held that the Estate's claim was barred by res judicata because the Estate stood in the same legal relationship with regard to the subject matter of the litigation as Mr. Morrow had in *Goza I*. *Id.* The *Goza II* court also awarded SunTrust attorney's fees incurred on appeal and, because the probate court had not exercised its discretion on the issue of attorney's fees, remanded the matter to the probate court to determine whether an award of attorney's fees and costs incurred in the probate court was warranted. *Id.* at 571-72.

Meanwhile, in September 2011, Mr. Morrow initiated yet another lawsuit against SunTrust and several of its employees in his capacity as the Estate's personal representative, this time in Shelby County Circuit Court. The circuit court proceedings led to this Court's opinion in *Estate of Goza v. Wells*, No. W2012-01745-COA-R3-CV, 2013 WL 4766544 (Tenn. Ct. App. Sept. 4, 2013), *perm. app. denied* (Tenn. June 13, 2014) ("*Goza III*"). SunTrust filed a motion to dismiss, arguing that the circuit court lacked subject matter

jurisdiction because the case concerned administration of a trust.[1]  *Goza III*, at *1.  The circuit court agreed and dismissed the Estate's petition in July 2012, stating that each of its claims was premised on the non-existence of the Perpetual Trust.  *Id.*  The circuit court found that the Perpetual Trust's existence had already been determined by this Court in *Goza I* and that it was therefore barred from readdressing the issue.  *Id.*  The Estate appealed the circuit court's judgment.[2]  *Id.*

While the appeal in *Goza III* was pending before this Court, proceedings continued in the probate court on remand from *Goza II*.  The present appeal arises from those proceedings.  In November 2012, Mr. Morrow requested to resign his position as the Estate's personal representative so that his attorney, Larry Parrish, could be appointed in his place.  In February 2013, the probate court denied Mr. Morrow's request.[3]

Notwithstanding the probate court's denial of his resignation, the Estate's counsel initiated further proceedings on the Estate's behalf premised on the belief that Mr. Morrow's resignation was effective.  In April 2013, the Estate filed a motion requesting that the probate court issue a writ of *scire facias* requesting that SunTrust appear and show cause why it should not be divested of the trust assets remaining in its possession.  The Estate asserted that the judgments of *Goza I* and *Goza II* only applied to Mr. Morrow and did not preclude the Estate from challenging the existence of the Perpetual Trust so long as Mr. Morrow was no longer the Estate's personal representative.  Less than a week later, SunTrust filed a motion to strike the Estate's motion for writ of *scire facias*.  The probate court conducted a hearing on the competing motions and issued a memorandum opinion and order on June 4, 2013.

---

[1]Tennessee Code Annotated section 35-15-203 provides:

Chancery courts and other courts of record having probate jurisdiction:
     (1) To the exclusion of all other courts, have concurrent jurisdiction over proceedings in this state brought by a trustee or beneficiary concerning the administration of a trust[.]

[2]This Court issued its opinion in *Goza III* on September 4, 2013.  We affirmed the trial court's dismissal of the Estate's complaint, stating that the existence of the Perpetual Trust had already been decided twice in *Goza I* and *Goza II*.  *Goza III*, at *6.  We noted that the Estate's attempt to challenge the existence of the Perpetual Trust despite holdings in the probate and chancery courts, two appellate decisions, and supreme court's denial of its application to appeal had depleted the funds in the Perpetual Trust held for the benefit of the mentally disabled and caused needless expense.  *Id.*  Accordingly, we awarded SunTrust damages for a frivolous appeal.  *Id.*

[3]The Estate appealed from the probate court's February 1, 2013 order.  This Court affirmed the probate court's judgment in appeal No. W2013-00678-COA-R3-CV, which it considered concurrently with this appeal.

In its June 4 order, the probate court denied the Estate's motion for writ of *scire facias*. In part, the probate court stated:

> The issues presented in the Motions filed by the Estate are the same issues that were raised beginning with the Chancery Court in [*Goza I*]. These are the same issues raised and decided before this Court in the opinion issued on May 27, 2011, which was affirmed by the Court of Appeals in [*Goza II*]. These are the same issues raised in the Circuit Court [*Goza III*] opinion, decided by Judge Robert Childers on July 16, 2012, which is apparently also being appealed.

> In every court, the opinion has been the same–it is *res judicata*. This Court has no authority to modify the decisions of the Chancery Court, the Court of Appeals or the Circuit Court.

> This latest effort by the Estate to raise the same issues is frivolous, and this Court is denying all of the Motions before this Court. Furthermore, pursuant to the Memorandum Opinion and Order of Judge Robert Benham, dated May 27,2011, which was affirmed in *Goza II*, and the provisions of Tenn. Code Ann. § 35-15-1004(a), David Morrow is ordered to pay reasonable attorney fees incurred by SunTrust Bank for having to defend these Motions.

The probate court did not hide its frustration with the Estate's continued attempts to challenge the existence of the Perpetual Trust:

> This Court has to ask how many times and how many courts have to hear this matter and make the same ruling.

> . . . .

> In this Court's opinion, **the Trust in question is valid and it has been valid since the Chancery Court made its ruling in 2010.**

> . . . .

> This Court is further concerned about the Estate's failure to honor this Court's Order of May 27, 2011, which states in part "that if this Order is upheld on appeal, there are no other or further substantive issues left to be adjudicated to conclude all proceedings in this case." The Court's Order was affirmed totally in Goza II, yet the Estate, once again, filed additional

pleadings with the same issues.

. . . .

Never has this Court seen such egregious abuse of the system. David Morrow, Jr. in his individual capacity as well as his Personal Representative capacity has virtually been forum shopping, trying to find a court to agree with his petition. This abuse needs to stop.

(Internal citations omitted.)

On June 12, 2013, the Estate filed a motion to alter or amend the judgment, once again challenging the existence of the Perpetual Trust and claiming its right to the funds in SunTrust's possession. The Estate filed over 250 pages of supplements and memorandums accompanying the motion. On September 3, 2013, the probate court denied the Estate's motion to alter or amend the June 4 order. On October 2, the Estate filed a notice of appeal pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. The court of appeals assigned the appeal number W2013-02240-COA-R3-CV to the appeal.

Meanwhile, proceedings continued in the probate court to resolve the attorney's fees issues for which the case was remanded in *Goza II*. The probate court entered a final judgment on attorney's fees in November 2013. The Estate did not appeal the final judgment on attorney's fees.

In January 2014, the court of appeals ordered that the Estate's appeal from the order of June 4, 2013 be heard along with its appeal from a February 1, 2013 order denying Mr. Morrow's petition to resign as personal representative of the Estate. The Estate's appeal from the February 1 order was assigned the appeal number W2013-00678-COA-R3-CV. The court of appeals ordered that proceedings in each appeal be stayed pending a final judgment in the probate court. SunTrust filed a response in and asserted that the probate court had already entered a final judgment. After reviewing the probate court's orders, the court of appeals lifted the stays in both appeals and ordered that the briefing schedules in each appeal run concurrently. This Court heard oral arguments in each appeal on October 22, 2014, in Nashville. Considering the unusual procedural history of this case, we emphasize that this opinion is concerned only with the merits of appeal W2013-02240-COA-R3-CV from the June 4 order denying the Estate's motion for writ of *scire facias*.

**ISSUES**

The issues presented on appeal, as we have restated them, are:

1.   Whether the court's June 4, 2013 order constitutes a final appealable judgment.

2.   Whether the probate court erred in holding that the Estate's claims are barred by res judicata.

3.   Whether SunTrust is entitled to damages for a frivolous appeal.

**DISCUSSION**

**I.**

In order to address the Estate's substantive arguments in this case, we must first address the threshold issue of whether this Court has subject matter jurisdiction to hear the appeal. SunTrust contends that this Court lacks jurisdiction to hear the appeal because the probate court's June 4 order was not a final order capable of vesting this Court with jurisdiction. SunTrust points out that the June 4 order did not resolve all of the claims pending before the probate court. Rather, it left unresolved issues related to SunTrust's award of attorney's fees–the only issues for which the case was remanded.

The Estate did not file an application for permission to appeal pursuant to the interlocutory processes described in Rule 9 or Rule 10 of the Tennessee Rules of Appellate Procedure, and the order was not certified as final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure. The Estate filed a notice of appeal as of right from the June 4 order pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure.[4]

Under Rule 3, only a final judgment in a civil action is appealable as of right. *In re Estate of Ridley*, 270 S.W.3d 37, 40 (Tenn. 2011). Tennessee courts have generally defined a final judgment as "one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d at 645 (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). Conversely, an order that adjudicates fewer than all of the claims or the rights and liabilities of fewer than all of the parties is generally not final or appealable as a matter of right. *State ex rel. Garrison v.*

_____

[4]In pertinent part, Rule 3 of the Tennessee Rules of Appellate Procedure provides that, except in limited circumstances,

> [I]f multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

*Scobey*, No. W2007-02367-COA-R3-JV, 2008 WL 4648359, at *5 (Tenn. Ct. App. Oct. 22, 2008) (*no perm. app. filed*).

There are obvious concerns regarding the finality of the probate court's June 4 order. At the time the order was entered, the probate court had not addressed pending issues regarding attorney's fees. However, we recognize the difficulty of applying the final judgment rule of Rule 3 to probate proceedings, which often contain multiple intermediate orders that are final with regard to certain discrete issues. Indeed, many states have significantly relaxed the degree of finality required for appealing an order in probate proceedings. *See e.g. Bank of the Ozarks v. Cossey*, 2014 Ark. App. 581, --- S.W.3d ----, at *3 (Oct. 29, 2014 Ark. Ct. App) (stating that Arkansas courts allow an intermediate appeal from almost any probate order); *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) ("Probate proceedings are an exception to the 'one final judgment' rule."). The June 4 order, though clearly not final with regard to all of the issues pending before the probate court at the time, is final with regard to the discrete issue of the request for a writ of *scire facias*.

Though we do not create any exception to the final judgment rule with this opinion, Rule 2 of the Tennessee Rules of Appellate Procedure permits us to suspend the final judgment requirement in our discretion if we find "good cause" to do so. In the past, this Court has exercised that discretion because "judicial economy is best served by addressing the issues on their merits in this appeal." *Parker v. Lambert*, 206 S.W.3d 1, 4 (Tenn. Ct. App. 2006). Considering the immense amount of resources already expended in this litigation, in which Mr. Morrow and the Estate have already attempted to litigate the same issue in multiple courts, we conclude that in the interest of judicial economy good cause exists for us to suspend the finality requirements of Rule 3.

## II.

Notwithstanding previous rulings to the contrary in the probate court and circuit court, both of which were affirmed by this Court, the Estate contends on appeal that it is not barred by res judicata from challenging the existence of the Perpetual Trust. We disagree. The Estate's challenge is barred, yet again, both by res judicata and the law of the case doctrine.

The doctrine of res judicata bars a second suit between parties *or their privies* on the same claim with respect to all issues which were, *or could have been*, litigated in a former suit. *Jackson v. Smith*, 387 S.W.3d 486 (Tenn. 2012) (citations omitted). Its primary purpose is to promote finality in litigation, prevent inconsistent or contradictory judgments, conserve judicial resources, and protect litigants from the cost and vexation of multiple lawsuits. *Id.* (citations omitted). Res judicata is not based on a presumption that the final judgment in the former suit was right or just. *Moulton v. Ford Motor Co.*, 533 S.W.2d 295, 296 (Tenn.

1976); *see also Mullins v. State*, 294 S.W.3d 529, 537 n.3 (Tenn. 2009) ("[E]ven an erroneous judgment is entitled to preclusive effect as long as all the other prerequisites have been met."). Rather, it is justified by public policy that requires reliability of final judgments and an end to litigation. *State v. Thompson*, 285 S.W.3d 840, 848 (Tenn. 2009); *Moulton*, 533 S.W.3d at 296.

A party asserting a defense of res judicata must demonstrate (1) that the underlying judgment was rendered by a court of competent jurisdiction, (2) that the same parties or their privies were involved in both suits, (3) that the same claim or cause of action was asserted in both suits, and (4) that the underlying judgment was final and on the merits. *Jackson*, 387 S.W.3d at 491. The probate court's ruling that the Estate's claim is barred by the doctrine of res judicata involves a question of law, which we review de novo on appeal with no presumption of correctness. *In re Estate of Boote*, 198 S.W.3d 699, 719 (Tenn. Ct. App. 2005).

In the probate court, the Estate argued that its present challenge is not barred by res judicata because it was not initiated by Mr. Morrow on behalf of the Estate.[5] This argument is without merit. In *Goza II*, we noted that "different parties are in privity if they stand in the same relationship to the subject matter of the litigation." 397 S.W.3d 564, 571 (Tenn. Ct. App. 2012) (quoting *Trinity Indus., Inc. v. McKinnon Bridge Co.*, 77 S.W.3d 159, 185 (Tenn. Ct. App. 2001)). In the context of res judicata, the concept of privity relates to the subject matter of the litigation, not the relationship between the parties themselves. *State ex rel. Cihlar v. Crawford*, 39 S.W.3d 172, 180 (Tenn. Ct. App. 2000). In *Goza II*, we ruled that the Estate was barred by res judicata from challenging the existence of the Perpetual Trust because it stood in the same legal relationship to the subject matter of the litigation as Mr. Morrow did in *Goza I*. *Goza II*, 397 S.W.3d at 571. In *Goza III*, we explained once again that it was immaterial whether the Estate or Mr. Morrow initiated a challenge to the trust's existence, the challenge was still barred because the plaintiffs in each suit had identical interests. *Goza III*, 2013 WL 4766544 at *6 ("Similarly, that the named plaintiff in the current action is the Estate rather than the administrator on behalf of the Estate is immaterial where both stand in the same relationship to the subject matter.").

This Court's opinions in *Goza II* and *Goza III* clearly state that the Estate is barred by res judicata from challenging the existence of the Perpetual Trust. It does not matter who acts as personal representative for the Estate when the challenge is made or who initiates the

---

[5]The Estate's assertion that Mr. Morrow is no longer the Estate's personal representative is in conflict with this Court's opinion in *In re Estate of Goza*, No. W2013-00678-COA-R3-CV, the appeal of which we heard concurrently with the present appeal. However, the identity of the personal representative is not relevant to our disposition of the issue before us.

proceedings on behalf of the Estate; the Estate itself is barred from bringing such a challenge.

The Estate further argues that it is not barred from challenging the existence of the Perpetual Trust because all statements that the Perpetual Trust was ever created or is now in existence are based on *"ipse dixit"*[6] or dicta. The Estate argues that SunTrust has never provided evidence that the Perpetual Trust was created; rather, SunTrust relies only on unsupported *ipse dixit* statements of judges as evidence that the Perpetual Trust exists. The Estate argument is premised on a belief that the chancery court proceedings resolved only the validity of the April 1999 Agreement, not whether it actually created the Perpetual Trust. The Estate contends that because the parties never litigated the question of whether the April 1999 Agreement actually created the Perpetual Trust, that question is not barred by res judicata.

This argument is yet another failed attempt to circumvent res judicata and challenge the existence of the Perpetual Trust. As we stated previously, the doctrine of res judicata bars a second suit on the same claim with respect to all issues which were, *or could have been*, litigated in a former suit. *Jackson v. Smith*, 387 S.W.3d 486 (Tenn. 2012) (citations omitted). In determining the scope of res judicata with regard to claims that could have been brought in a previous suit, Tennessee courts have used the transactional approach found in Second Restatement of Judgments § 24. *Creech v. Addington*, 281 S.W.3d 363, 379–82 (Tenn. 2009). The transactional approach provides:

> When a valid and final judgment rendered in an action extinguishes the plaintiff's claim . . . , the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

Restatement (Second) of Judgments § 24(1). Under that standard, the concept of a transaction is used in a broad sense, connoting a natural grouping of claims arising from a common nucleus of operative facts. *Creech*, 281 S.W.3d at 380. The questions of whether the April 1999 Agreement was valid and whether it created the Perpetual Trust clearly arise from a common nucleus of operative facts. Accordingly, both questions could have been raised in the chancery court proceedings that ultimately led to our decision in *Goza I*. Indeed, Mr. Morrow and Ms. Wright did challenge the existence of the Perpetual Trust in a motion to alter or amend filed in the chancery court. *Goza I*, 2011 WL 334507, at *4. The chancery court denied the motion. *Id.* at *5. On appeal, we noted that the issues were raised before

---

[6]*Ipse dixit* is defined as "[s]omething asserted but not proved." BLACK'S LAW DICTIONARY 847 (8th ed. 2004). *See State v. Scott*, 275 S.W.3d 395, 402 n.4 (Tenn. 2009), for a brief discussion of the historical use of the term.

the chancery court, though they were not raised on appeal. *Id.* at *7. Because the issue of whether the Perpetual Trust exists could have been brought in the chancery court proceedings, it is barred by res judicata.

In sum, this Court's opinion in *Goza I* was rendered by a court of competent jurisdiction, the plaintiff in *Goza I* is in privity with the Estate in this case, the Estate's claim in this case could have been brought in *Goza I*, and the judgment of the court in *Goza I* was final and on the merits. As such, res judicata bars the Estate from challenging the existence of the Perpetual Trust.[7]

In addition to being barred by the doctrine of res judicata, we find that the Estate's appeal is barred by the law of the case doctrine. The law of the case doctrine was explained by the Tennessee Supreme Court in *Memphis Publishing Co., v. Tennessee Petroleum Underground Storage Tank Bd.*, 975 S.W.2d 303 (Tenn. 1998):

> The phrase "law of the case" refers to a legal doctrine which generally prohibits reconsideration of issues that have already been decided in a prior appeal of the same case. In other words, under the law of the case doctrine, an appellate court's decision on an issue of law is binding in later trials and appeals of the same case if the facts on the second trial or appeal are substantially the same as the facts in the first trial or appeal. The doctrine applies to issues that were actually before the appellate court in the first appeal and to issues that were necessarily decided by implication. The doctrine does not apply to dicta.

> The law of the case doctrine is not a constitutional mandate nor a limitation on the power of a court. Rather, it is a longstanding discretionary rule of judicial practice which is based on the common sense recognition that issues previously litigated and decided by a court of competent jurisdiction ordinarily need not be revisited. This rule promotes the finality and efficiency of the judicial process, avoids indefinite relitigation of the same issue, fosters consistent results in the same litigation, and assures the obedience of lower courts to the decisions of appellate courts.

> Therefore, when an initial appeal results in a remand to the trial court, the decision of the appellate court establishes the law of the case which

_____

[7]This holding, as we have stressed throughout this opinion, bars the Estate from initiating further proceedings to challenge the validity of the Perpetual Trust, no matter who initiates the proceedings on its behalf or the theory on which it attempts to rely.

generally must be followed upon remand by the trial court, and by an appellate court if a second appeal is taken from the judgment of the trial court entered after remand. There are limited circumstances which may justify reconsideration of an issue which was [an] issue decided in a prior appeal: (1) the evidence offered at a trial or hearing after remand was substantially different from the evidence in the initial proceeding; (2) the prior ruling was clearly erroneous and would result in a manifest injustice if allowed to stand; or (3) the prior decision is contrary to a change in the controlling law which has occurred between the first and second appeal.

*Memphis Publg. Co.*, 975 S.W.2d at 306 (internal citations omitted).

The issues raised in this appeal are identical to those originally argued before Judge Benham in the probate court and before this Court on appeal in *Goza II*. Neither the first nor the third exception to the law of the case doctrine apply in this case. The Estate argues that this case falls under the second exception, which states that "the prior ruling was clearly erroneous and would result in a manifest injustice if allowed to stand." *Id.* For the reasons laid out above, we do not find that the probate court's prior ruling was clearly erroneous or that allowing it to stand would result in manifest injustice. Accordingly, the Estate is also barred by the law of the case doctrine from challenging the existence of the Perpetual Trust.

## III.

Finally, SunTrust requests that it be awarded reasonable attorneys' fees and costs because the Estate's appeal was frivolous. Tennessee Code Annotated section 27-1-122 provides:

When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

This statute reflects the view that successful parties should not have to bear the costs and vexation of baseless appeals. *Henderson v. SAIA, Inc.*, 318 S.W.3d 238, 342 (Tenn. 2010). The decision to award damages for a frivolous appeal rests solely in the discretion of this Court. *Chiozza v. Chiozza*, 315 S.W.3d 482, 493 (Tenn. Ct. App. 2009). In exercising that discretion, however, we must take care not to do so in a manner that would discourage legitimate appeals. *Henderson*, 318 S.W.3d at 342. Accordingly, imposing a penalty for a frivolous appeal is a remedy reserved for obvious cases of frivolity and should not be

asserted lightly or granted unless clearly applicable. *Id.* (citations omitted).

In the instant case, given the previous judgments of this and other courts on the same issues raised by the Estate, we can only conclude that the Estate's appeal had "no reasonable chance of success." *Cf. Whalum v. Marshall*, 224 S.W.3d 169, 181 (Tenn. Ct. App. 2006). Our finding should not come as a surprise to the Estate, given the past statements of this Court and the lower courts in dealing with the issue. In 2011, when the Estate first sought to challenge the existence of the Perpetual Trust in probate court, Judge Benham stated that "the current action is questionable if not frivolous at best . . . ." Despite that statement and this Court's opinion in *Goza II* affirming Judge Benham's order, the Estate sought to again challenge the existence of the Perpetual Trust again on remand, when the case was remanded only for a determination of whether attorneys' fees and costs were warranted. In the June 4 order denying the Estate's motion, Judge Gomes stated that "[t]his latest effort by the Estate to raise the same issues is frivolous" and that "[n]ever has this Court seen such egregious abuse of the system." Most recently, this Court stated in *Goza III* that the Estate's challenge to the existence of the Perpetual Trust in that case "had no reasonable chance of success" and awarded SunTrust damages pursuant to section 27-1-122. 2013 WL 4766544 at *6. Thus, even in spite of a previous opinion of this Court finding an identical challenge by the Estate to be frivolous, the Estate has once again attempted to challenge the existence of the Perpetual Trust, thereby causing needless waste of judicial resources and further depleting funds held in the Perpetual Trust for the benefit of organizations serving the mentally disabled. Under these circumstances, we find that SunTrust is entitled to reasonable fees and costs pursuant to Tennessee Code Annotated section 27-1-122.

### III. HOLDING

In light of the foregoing, the judgment of the probate court is affirmed. Appellee SunTrust Bank is awarded damages for a frivolous appeal pursuant to Tennessee Code Annotated section 27-1-122. This matter is remanded to the trial court only to assess damages pursuant to section 27-1-122 and for the collection of costs. Costs on appeal are taxed to the Appellant, Estate of John J. Goza, and its surety, for which execution may issue if necessary.

_____
BRANDON O. GIBSON, JUDGE