Paul F. SARGENT, Appellee,

v.

Roger T. JOHNSON, Architect, and Axel H. Ohman, Inc., a Minnesota Corporation, Appellees,

v.

PRESTON HAGLIN CO., a Minnesota Corporation, Appellant.

Paul F. SARGENT, Appellee,

v.

Roger T. JOHNSON, Architect, and Axel H. Ohman, Inc., a Minnesota Corporation, Appellees,

v.

LIBERTY MUTUAL INSURANCE COMPANY, a Fourth-Party Defendant above named on behalf of and in the name of Preston Haglin Co., a Minnesota Corporation, insured of Liberty Mutual Insurance Company at the trial herein and Third-Party Defendant, Appellant.

Paul F. SARGENT, Appellee,

v.

Roger T. JOHNSON, Architect, and Axel H. Ohman, Inc., a Minnesota Corporation, Appellees,

v.

LIBERTY MUTUAL INSURANCE COMPANY, Appellant.

Nos. 74–1966, 75–1029 and 75–1030.

United States Court of Appeals, Eighth Circuit.

Submitted June 9, 1975.

Decided Aug. 26, 1975.

Douglas D. Reid, Jr., Minneapolis, Minn., for appellants Preston Haglin Co. and Liberty Mut. Ins. Co.

Robert G. Share, Minneapolis, Minn., filed a brief for appellee Preston Haglin Co.

Clint Grose, Minneapolis, Minn., for appellee Paul F. Sargent.

David F. Fitzgerald, Minneapolis, Minn., for appellee Axel H. Ohman, Inc.

O. C. Adamson, II, and Mary Jeanne Coyne, Minneapolis, Minn., filed brief for appellee, Roger T. Johnson.

Before VAN OOSTERHOUT, Senior Circuit Judge, and LAY and HEANEY, Circuit Judges.

LAY, Circuit Judge.

Paul F. Sargent obtained a verdict for $1,600,000 against Axel H. Ohman, Inc. (Ohman), a Minnesota corporation and Robert T. Johnson, an architect, resulting from severe personal injuries received from a fall while working on a construction site on July 14, 1969. The district court, the Honorable Miles W. Lord, directed a verdict in favor of the plaintiff on liability and submitted the issues of comparative negligence and contribution among the parties to the jury. Also submitted to the jury were Johnson's and Ohman's claims as to third-party liability against Sargent's employer, Preston Haglin Co. (Haglin), also a Minnesota corporation.[1] The jury assessed contribution of Ohman to be 55% at fault in the accident, Johnson 15% and Haglin 30%. Johnson was found to be entitled to indemnity for one-half of its loss from Haglin and one-half from Ohman. Ohman was denied indemnity from Haglin.

Prior to trial a dispute as to the amount of coverage of its insurance policy had arisen between Haglin and its insurer, the Liberty Mutual Insurance Co. Haglin filed a fourth-party suit against Liberty seeking indemnity for coverage over and above an admitted $100,000 policy on the grounds that Haglin had another $500,000 general liability policy which was applicable and that Liberty was negligent in not providing Haglin with a two million dollar umbrella policy. The trial court ordered this fourth-party complaint separated from the main trial and this claim is yet to be tried.

After judgment in the original action was entered, and several post-trial motions filed by the parties, Haglin made demand on Liberty that it assume full coverage or else it would waive its con-

---

1. Sargent's statutory right to workmen's compensation barred a direct action against his employer under Minnesota law. Minn.Stat. Ann. § 176.031 (1966). The consent judgment ultimately entered adjudicated these rights. Minn.Stat.Ann. § 176.061, subd. 1 (1966).

ceded $100,000 coverage, demand that Liberty's attorney (who had defended Haglin throughout the trial) be removed from further proceedings, and that it would then attempt to negotiate a settlement with all of the parties. Liberty refused to acknowledge further coverage and Haglin proceeded to have Liberty's lawyer removed from the case by waiving its policy protection of $100,000.[2] Thereafter, Haglin, Ohman and Johnson entered a settlement with the plaintiff and submitted it to Judge Lord for approval. On November 14, 1974, the court entered a consent judgment in the sum of $1,600,000 with a new allocation of damages, to-wit: Haglin agreed to pay 45% of the damages, Ohman agreed to pay 55% and Johnson was discharged of any responsibility. Haglin also agreed to continue the prosecution of its fourth-party action and it assigned to Sargent the proceeds of any amounts which might be recovered in that action. As a result of this assignment, Sargent agreed to secure Haglin's proportionate share of the damages from the amount, if any, that Liberty owed to Haglin. Sargent also agreed to intervene in the fourth-party action and to refrain from executing on any of Haglin's assets, except the cause of action which was the basis of the fourth-party claim. Under the settlement agreement Ohman paid Sargent $900,000 and executed an assignment to Sargent of Ohman's purported right of contribution against Haglin.

Liberty has filed three notices of appeal from the judgment entered on November 14, 1974—one on its own behalf as fourth-party defendant; one on behalf of Haglin, its insured as third-party defendant; and one by Haglin, insured of Liberty "during trial." In doing so it raises many alleged errors in the trial of the original damage action.[3] All other parties have resisted Liberty's efforts to appeal and in essence assert that Liberty is not a party to the judgment; that Liberty has no appealable interests; that Liberty cannot seek review of a consent judgment; and that Liberty's interest

2. Liberty sought a writ of mandamus against Judge Lord to prevent its attorney's removal. This court denied the writ in an unreported opinion, saying:

> The petitioner has an adequate remedy at law. This denial as well as Judge Lord's ex parte order of August 27, 1974, here under attack, will not serve to prejudice any defenses . . . that petitioner might assert in response to claims by any party to the lawsuit that petitioner should pay any share of plaintiff's claim which has or will be settled by other parties or their insurance carriers.

*Liberty Mutual Ins. Co. v. Lord,* No. 74–1646 (8th Cir., filed September 20, 1974).

3. Liberty's brief asserts as error:

> Where there was an express written agreement wherein Ohman agreed to indemnify Haglin, was Haglin entitled to indemnity from Ohman?
>
> Did the trial court commit prejudicial error in granting Ohman contribution from Sargent's employer Haglin, when no such remedy is available under Minnesota law and where the party seeking contribution has paid no more than its just share of plaintiff's damages?
>
> Can judgment be entered in favor of Sargent, Haglin's employee, directly against Haglin?

> Was the removal by the Court of insurance company's assigned counsel (John R. de Lambert) from further representation of Haglin prejudicial error?
>
> Did the trial court commit prejudicial error in failing to dismiss all claims at the close of the evidence for the failure of the plaintiff to prove causal negligence on the part of Haglin or any other party?
>
> Did the trial court commit prejudicial error in failing to submit the issue of Sargent's contributory negligence to the jury?
>
> Did the trial court commit prejudicial error in failing to submit to the jury the question of Sargent's assumption of risk?
>
> Did the trial court commit prejudicial error in instructing the jury that Haglin was causally negligent as a matter of law?
>
> Did the trial court commit prejudicial error in finding Ohman and Haglin in violation of *Minnesota Statutes* Chapter 182?
>
> Does the settlement agreement between Ohman, Sargent and Haglin, together with the judgments entered November 14, 1974, bind said parties so as to prevent a new trial as to Haglin?

Appellant's Brief, at ii–v.

must await trial of the fourth-party action before appealing.

We hold that this court lacks jurisdiction to review the judgment of November 14, 1974. A final judgment in the case has not been entered as long as the fourth-party complaint was pending and the district court failed to certify an appeal under Rule 54(b).

Federal Rule of Civil Procedure 54(b) reads:

> *Judgment Upon Multiple Claims or Involving Multiple Parties.* When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. *In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties,* and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

*Fed.R.Civ.P.* 54(b) (emphasis added).

■ It is, of course, well settled that it is essential to obtain a certification from the district court where multiple claims or parties exist and the judgment does not resolve all of the issues. *See*

*Lane v. Graves,* 518 F.2d 965 (8th Cir. 1975); *Diamond Shamrock Oil & Gas Corp. v. Commissioner of Revenues,* 422 F.2d 532 (8th Cir. 1970); *Transportation-Communication Div.-Bhd. of Ry. Clerks v. St. Louis-S. F. Ry.,* 419 F.2d 933, 935 n. 1 (8th Cir. 1969); *Dryden v. Dryden,* 265 F.2d 870, 871 n. 1 (8th Cir. 1959); *Gallon v. Lloyd-Thomas Co.,* 261 F.2d 26 (8th Cir. 1958); *Brandt v. Renfield Importers,* 216 F.2d 206 (8th Cir. 1954); *Lockwood v. Hercules Powder Co.,* 172 F.2d 775 (8th Cir. 1949).

■■ In this case the appellant failed to obtain a Rule 54(b) certification from the district court. In fact, it made no motion for certification.[4] Nevertheless, Liberty argues that a test of "practicality" rather than a technical one should govern in determining the finality of the order. It urges that the fourth-party coverage suit is actually a separate and totally independent action which should have no bearing on the appeal relating to the judgment of November 14. It asserts that Judge Lord's order removing Liberty's counsel is itself appealable under the collateral order doctrine and that to deny Liberty a right to appeal serves to prejudice it beyond remedy. *See Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). We disagree. There can be no legitimate claim that these issues fit into the collateral order doctrine. If we assume *arguendo* that Liberty ultimately would have standing to raise the alleged errors of the trial, there can be no "irreparable injury" stated here which will otherwise escape review.

We are cognizant of Liberty's sensitivity to the issues raised and its fervent quest to challenge the original judgment.

**4.** Liberty also claims that Judge Lord's November 14 judgment should be read as "tantamount" to entry of a Rule 54(b) certificate. We disagree. As has been said:

> Although it is somewhat unclear what form the certification under Rule 54(b) should take, both the court's direction and determination must be apparent and there should be no doubt as to the district court's intention to certify. A strong policy in favor of certainty as to the district court's intention to give its decision final judgment status underlies the rule's procedure. Accordingly, when either element is absent, even if only because of oversight or a failure to appreciate that the case is one that is within Rule 54(b), an appeal should be dismissed. . .

10 C. Wright & A. Miller, *Federal Practice and Procedure,* § 2660, at 86 (1973) (footnotes omitted).

Yet, we think the present appeal fails to appreciate the salutary purpose and importance of Rule 54(b). The efficient administration of justice requires avoidance of piecemeal appeal and interlocutory adjudication. Liberty raises many issues in its attempt to attack the November 14 judgment which may well be relevant in its main defense of the fourth-party complaint. If it is successful in that defense the issues now raised will be completely mooted. Unless it is determined that Liberty has an obligation to protect Haglin above $100,000 it can have no standing to attack the settlement and judgment. Liberty can hardly be prejudiced by being required to first litigate its defenses as to the additional coverage claimed and ascertain whether it has any appealable interest at stake. In the event the district court finds against Liberty in the fourth-party litigation, it will then be in a position not only to appeal the fourth-party claim but also to assert standing to appeal the November 14 judgment and raise the issues it has attempted to present here.

The appeal is ordered dismissed for want of jurisdiction.