Felix Allen CLARK *v.* Bill FITZGERALD

80-43                                     605 S.W. 2d 1
Supreme Court of Arkansas
Opinion delivered September 15, 1980

*Griffin, Rainwater & Draper*, Crossett, for appellant.

*Shackleford, Shackleford & Phillips, P.A.*, El Dorado, for appellee.

FRANK HOLT, Justice. Following our reversal and remand in *Newton & Fitzgerald* v. *Clark*, 266 Ark. 237, 582 S.W. 2d 955 (1979), the trial court held a "hearing on mandate." Afterwards, the court issued an "order on mandate" dismissing appellant's cause of action as to Fitzgerald. Clark appeals

contending that since we "reversed and "remanded" without further directions, he is entitled to a new trial as to Fitzgerald.

In the original action, Clark brought suit against Newton and Fitzgerald for injuries sustained when Clark drove into the rear of Newton's loaded log truck which had stalled on a bridge. Fitzgerald, a contractor or timber dealer for Georgia Pacific Corporation, was found liable by the jury on the theory appellant was an independent contractor working for him. On appeal, after reviewing the evidence, we said that the trial court should have directed a verdict for Fitzgerald, because the evidence did not establish that Newton was an independent contractor; i.e., Newton was a log supplier as far as Fitzgerald was concerned and, even if he were an independent contractor, there was no evidence he was an incompetent contractor.

Upon our reversal, it appears that the trial court interpreted our opinion to require a dismissal as to Fitzgerald. Appellant argues this was error citing cases that upon a reversal and remand, as here, the entire matter goes back for a new trial on all issues. The appellee responds correctly that the trial court's order is no longer an appealable order citing A. R. Civ. P. 54(b), effective July 1, 1979, or before this proceeding. The Rule in pertinent part provides:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, crossclaim or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judg-

ment adjudicating all the claims and the rights and liabilities of all the parties.

Here the trial court, as indicated, in its "order on mandate," found the case against Fitzgerald had been fully developed and dismissed it as to him and, by a supplemental order, awarded a judgment for the costs against the appellant. The court did not expressly direct an entry of a final judgment nor make an express determination there was no just reason for delay.

Our Rule 54 (b) is identical to F. R. Civ. P. 54 (b). The purpose of the Rule is "to strike a balance between the undesirability of piecemeal appeals and the problems of timing of review, which have been accentuated by the Rules' liberalized procedure for joinder, crossclaims and counterclaims." *RePass* v. *Vreeland*, 357 F. 2d 801 (3rd Cir. 1966). In observing the salutary purpose of Rule 54 (b), the court said in *Sargent* v. *Johnson*, 521 F. 2d 1260 (8th Cir. 1975): "The efficient administration of justice requires avoidance of piecemeal appeal and interlocutory adjudication." See also Reporter's Note to A. R. Civ P. 54 (b). The trial court's express determination that there is no just reason for delay and its express direction to enter judgment, are essential prerequisites to finality, and without them, the appellate court has no jurisdiction to consider the appeal. *Sargent* v. *Johnson, supra; RePass* v. *Vreeland, supra; Oak Construction Company* v. *Huron Cement Company*, 475 F. 2d 1220 (6th Cir. 1973); and Wright & Miller, Federal Practice and Procedure: Civil § 2660. Thus, regardless of the state of the law prior to the adoption of Rule 54 (b) (see *Little. Adm'* v. *McGraw*, 250 Ark. 766, 467 S.W. 2d 163 [1971]), this rule now controls the finality and appealability of a judgment when an action, as here, involves more than one party. Consequently, in the absence of the trial court's certification in compliance with Rule 54 (b), we have no jurisdiction to consider this appeal.

Appeal dismissed.