## Jess P. ODOM *v.* THE FIRST NATIONAL BANK IN LITTLE ROCK

CA 81-346                                    631 S.W.2d 846

### Court of Appeals of Arkansas
### Opinion delivered April 28, 1982

*Hankins, Hicks & Madden,* for appellant.

*Friday, Eldredge & Clark,* by: *William L. Terry* and *John Dewey Watson,* for appellee.

DONALD L. CORBIN, Judge. Jess P. Odom, appellant, and Odom Enterprises, Inc., an Arkansas Corporation, were comakers of a promissory note payable to the appellee, First National Bank of Little Rock, Arkansas, in the principal sum of $631,430.76. Comaker Odom Enterprises, Inc., mortgaged 16,000 acres of Newton County lands as security for the indebtedness. Suit was filed on March 12, 1980, against both comakers because of a default in payment. At a trial on September 4, 1980, the parties entered into a settlement agreement whereby Odom Enterprises, Inc., and the appellant agreed to consent to judgment provided the judgment would not be entered for a period of six months. This time span was to allow the defendants to find a buyer for the Newton County lands in order to pay off the note. The case was continued to March 16, 1981. On March 13, 1981, Odom Enterprises, Inc., filed Chapter Eleven bankruptcy proceedings. This stayed further proceedings of the case at bar as it related to Odom Enterprises, Inc. Since

appellant Jess P. Odom was not a party to the bankruptcy proceedings, appellee proceeded against him. The trial court entered personal judgment against the appellant on June 18, 1981, for the indebtedness. Execution, garnishment or other efforts of collection against appellant's assets were stayed until after the sale of the mortgaged property or until further order of the court. The judgment further recited that the court retain jurisdiction and control of the parties to include further proceedings against Odom Enterprises, Inc., pending the proceedings in the bankruptcy court. We dismiss.

We believe that Rule 54 (b) of the Arkansas Rules of Civil Procedure controls the disposition of this case. It provides in part:

(b) JUDGMENT UPON MULTIPLE CLAIMS OR INVOLVING MULTIPLE PARTIES. [W]hen multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

In applying Rule 54 (b) we find that the judgment entered by the trial court is not an appealable order. See *Clark* v. *Fitzgerald,* 270 Ark. 240, 605 S.W. 2d 1 (1980). The Committee Comments to Rule 54 (b) state that its purpose is to prevent piecemeal appeals while portions of the litigation remain unresolved. The comment recognizes that there may be situations where a particular claim should be finally determined before the entire case is concluded. A final judgment on fewer than all claims involved may be directed

only upon the express determination that there is no good reason for delay. Thus, a party should always know whether a judgment in a Rule 54 (b) situation is ripe for appeal. Unless this express determination has been made by the trial court, there can be no appeal. *Clark* v. *Fitzgerald, supra.*

In the instant case, the trial court made no such express determination; but in fact, stayed the enforcement of its judgment until the conclusion of the bankruptcy proceeding involving Odom Enterprises, Inc.

Dismissed.