

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV–13–95

|  |  |
|---|---|
| | **Opinion Delivered** January 22, 2014 |
| STEVEN WAYNE JERRY | APPEAL FROM THE UNION |
| APPELLANT | COUNTY CIRCUIT COURT [NO. DR-10-288-2] |
| V. | |
| | HONORABLE MICHAEL R. LANDERS, JUDGE |
| JIMMIE DELL JERRY | |
| APPELLEE | APPEAL DISMISSED |

## KENNETH S. HIXSON, Judge

Steven Wayne Jerry appeals from an order entered on May 31, 2012, wherein the trial court made multiple findings concerning controversies that arose subsequent to the parties' divorce. Because that order failed to dispose of all the claims presented, we conclude that the order is not final and appealable and that this appeal must be dismissed.

Appellant Steven Wayne Jerry (Husband) and appellee Jimmie Dell Jerry (Wife) were divorced by a decree entered on October 22, 2010. The parties had entered into a property settlement agreement, and that agreement was approved by the trial court and incorporated into the divorce decree.

The property settlement agreement contained various provisions dividing the real and personal property of the parties, as well as the associated debt. The parties' property settlement agreement provided, inter alia, that Husband and Wife would share equally in

SLIP OPINION

Husband's military retirement benefits, but that Husband would retain as his separate property the retirement accounts earned through his employment with the El Dorado Police Department. Husband agreed to pay Wife $700 in monthly alimony for a period of seven years. Husband also agreed to keep Wife covered under his military health insurance policy, but in the event he could no longer cover Wife he was to notify Wife immediately. The final paragraph of the parties' property settlement agreement provides:

> This Agreement represents the entire agreement between Wife and Husband, and supercedes any verbal or written agreement heretofore or hereafter made. This Agreement may be only amended in writing by mutual agreement of the parties and evidenced by their signature before a Notary Public.

A few months after the divorce became final, the parties discovered that Husband was no longer permitted to cover Wife under his military health insurance plan. On March 28, 2011, the parties executed a written amendment to the property settlement agreement, whereby Husband and Wife each agreed to pay one-half of Wife's health insurance premium in the amount of $94 per month. This amendment was not submitted to the court for approval.

On July 29, 2011, Husband initiated the present round of litigation when he filed a "Petition for Citation of Contempt and for Other Relief." In his petition, Husband alleged that Wife was in contempt by failing to comply with the provisions of their property settlement agreement as approved by the court. Specifically, Husband asserted that Wife had failed to return to him one of his firearms, two china cabinets, his birth certificate, his shot records, and his military DD Form 214. Husband also complained that Wife failed to provide copies of the bills he needed to make payments under the terms of their agreement.

2

In his petition, Husband also claimed that the parties' financial circumstances had changed and that his alimony obligation should be terminated. In addition, Husband asked that Wife receive slightly less than half of his military retirement benefits, pointing out that the parties were married for only nineteen years and nine months of the twenty-one years he accrued those benefits. Finally, Husband alleged that Wife coerced him to sign the amendment to their property settlement agreement requiring him to pay one-half of her health insurance premiums. Husband contended that, because he signed the amendment under duress and without the benefit of counsel, the amendment should be set aside.

After a hearing, the trial court entered an order on May 31, 2012. In its order, the trial court directed Wife to deliver to Husband copies of invoices related to Husband's financial obligations, and further directed Wife to return the firearm. The trial court ruled that the two cabinets were the property of Husband's mother, who was not a party to the litigation, and that therefore the court was without jurisdiction to divide that property. The trial court refused to modify the parties' agreement that Husband's military retirement be divided equally. The trial court further found that Husband's responsibility for alimony was based on an independent contract between the parties that was approved by the court and incorporated into the divorce decree, and was not subject to modification except by consent of the parties. Moreover, the trial court determined that Husband failed to show a significant change in circumstances to justify a change in alimony.

On June 1, 2012, Husband filed a motion for new trial. Because the thirtieth day therefrom fell on Sunday, July 1, 2012, the motion was deemed denied on Monday, July 2,

3

SLIP OPINION

2012. *See Gartman v. Ford Motor Co.*, 2011 Ark. 454. Husband timely filed his notice of appeal on August 1, 2012.

On appeal, Husband argues that the trial court erred in finding that it lacked the authority to modify the divorce decree and the parties' agreement that was incorporated therein. Husband contends that he has had a significant reduction in income since the time of divorce, and he asks that his alimony be reduced and that his military retirement be divided in accordance with the length of the parties' marriage during his military service. Husband also contends that the parties' property settlement agreement should be set aside on the bases of fraudulent inducement, mistake, and duress. Finally, Husband argues that the amendment to the property settlement agreement pertaining to the Wife's medical insurance premium should be determined to be a nullity, and he points out that the trial court's order did not address the issue of whether that amendment was valid and enforceable.

The question of whether an order is final and subject to appeal is a jurisdictional question that the appellate court will raise on its own. *J-McDaniel Constr. Co. v. Dale E. Peters Plumbing Ltd.*, 2013 Ark. 177. Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil provides that an appeal may be taken only from a final judgment or decree entered by the trial court. Under Arkansas Rule of Civil Procedure 54(b), an order that fails to adjudicate all the claims as to all the parties, whether presented as claims, counterclaims, cross–claims, or third–party claims, is not final for purposes of appeal. *Dodge v. Lee*, 350 Ark. 480, 88 S.W.3d 843 (2002). Although Rule 54(b) provides a method by which the trial court may direct entry of a final order as to fewer than all the claims or parties, where there is no

4

SLIP OPINION

attempt to comply with Rule 54(b), the order is not final, and we must dismiss the appeal. *Harrill & Sutter, PLLC v. Farrar*, 2011 Ark. 181.

Our review of this case reveals that there are claims that have not been disposed of by the trial court. One of Husband's allegations in his petition was that the written amendment to the parties' property settlement agreement, whereby he agreed to pay for half of Wife's health-insurance premiums amounting to $94 per month, was executed under duress and without counsel and should therefore be set aside. However, the trial court's order fails to address or dispose of that claim. We further observe the trial court's order fails to address Husband's request that Wife return to him his birth certificate, shot records, and military DD Form 214. Nor was there any Rule 54(b) certificate filed in this case.

Our supreme court has repeatedly held that it is not enough to dismiss some of the parties or to dispose of some of the claims; to be final and appealable, an order must cover *all of the parties and all of the claims*. *J-McDaniel Constr. Co.*, *supra*. Because a final order has not been entered disposing of all of the claims, we lack jurisdiction of this appeal and it must be dismissed.

Appeal dismissed.

PITTMAN and WALMSLEY, JJ., agree.

*James E. McMenis*, for appellant.

*James B. Bennett*, for appellee.

5