SLIP OPINION

Cite as 2015 Ark. App. 218

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-14-808

| | |
|---|---|
| TERRY ALLEN YARBROUGH | **OPINION DELIVERED** APRIL 8, 2015 |
| APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTEENTH DIVISION [NO. 60CV10-3405] |
| V. | |
| | HONORABLE MACKIE M. PIERCE, JUDGE |
| JANE POWELL | |
| APPELLEE | DISMISSED WITHOUT PREJUDICE; APPELLEE'S MOTION TO DISMISS APPEAL MOOT |

## ROBERT J. GLADWIN, Chief Judge

Appellant Terry Yarbrough appeals from an order denying his posthearing motions to dismiss the complaints filed against him by his sister, appellee Jane Powell. Jane cross-appeals from the circuit court's denial of her motion for attorney's fees. We dismiss the appeal and cross-appeal for lack of a final order.

Terry and Jane are the children of the late Betty Yarbrough. Before Betty died, she and Jane owned and operated Bee Jay's Hairstyling Academy, a cosmetology school. In 2008, Betty and Jane severed their business relationship, though Jane retained her forty-percent interest in the company. Betty then brought Terry into the business and amended her living trust to distribute her sixty-percent ownership to him upon her death. The trust named Terry

and his brother Denzil as trustees upon Betty's death and, among other things, provided for distribution of certain real property.[1]

Following Betty's death in 2009, Jane sued Terry for an accounting of the trust's assets, distributions, and expenses, in particular with regard to the real property. She later filed a supplemental complaint, adding Bee Jay's as a defendant and accusing Terry of spending company funds for personal matters and failing to pay Jane her share of the company's profits. Jane asked for an accounting; for Terry's removal as an officer; for appointment of a receiver; and for damages. Terry, who was represented by counsel at the time of these filings, answered that a trust accounting was underway and that the allegations against him with regard to Bee Jay's were untrue.

In November 2011, Terry's attorney withdrew from representation. Shortly thereafter, Jane propounded requests for admission to Terry, asking that he admit, among other things, to stealing money from Bee Jay's, inflating expenses, and using company money for personal expenses, loans, and vacations. Terry, who was proceeding pro se, did not answer the requests, and Jane moved that they be deemed admitted. The court subsequently did so.

Around this same time, Jane filed a "Second Supplemental Complaint," alleging that Terry had signed a document releasing a mortgage that secured a loan to him from Bee Jay's. Jane asked that the release be set aside and for various other relief. Neither Terry nor Bee Jay's answered the second supplemental complaint, and Jane asked for a default judgment thereon.

---

[1] Denzil later died, leaving Terry as the sole trustee.

After several hearings, the circuit court granted Jane a default judgment on her second supplemental complaint; granted her a $400,000 judgment against Terry based on Terry's operation of Bee Jay's; found that Jane was entitled to an accounting; dissolved Bee Jay's; and appointed a receiver to wind up the company. The court also stated that it would award Jane attorney's fees and costs in an amount yet to be determined.

Once the above judgments were entered, Terry asked for a new trial. Before his motion could be heard, however, he obtained counsel and filed for bankruptcy. The bankruptcy filing automatically stayed the circuit-court action, but the stay was partially lifted in October 2013 to allow the circuit court to consider 1) Jane's entitlement to attorney's fees and costs and 2) Terry's request to set aside the judgment against him.

A hearing was held, and the circuit court denied Terry's motion to set aside. Terry moved for reconsideration and also filed several motions to dismiss, primarily on the ground that he had not been properly served with the second supplemental complaint. The court denied Terry's motions by an order entered on May 20, 2014. That same day, the court entered an order denying Jane's request for attorney's fees. This appeal and cross-appeal followed.

Our appellate jurisdiction depends on the presence of a final judgment or a judgment containing a properly executed certificate pursuant to Ark. R. Civ. P. 54(b) (2014). *Gartman v. Ford Motor Co.*, 2012 Ark. App. 693. In the absence of a Rule 54(b) certificate, an order that adjudicates fewer than all of the claims of all of the parties does not terminate the action. *Id.* Moreover, an order that contemplates further action by a party or a court is not a final,

appealable order. *Bank of the Ozarks v. Cossey*, 2014 Ark. App. 581, 446 S.W.3d 214. The question whether an order is final and appealable is a jurisdictional matter that we are obligated to consider on our own, even if the parties do not raise it. *Id.*

The present case began when Jane sued for an accounting regarding her late mother's trust. However, the record does not reflect that her claims involving the trust have been adjudicated. Further, the circuit court ordered an accounting with regard to Bee Jay's and ordered the receiver to marshal Bee Jay's assets and wind up the corporation. No order in the record reveals that those actions have yet taken place. Thus, further actions by the parties and the court are necessary to resolve the claims in the case, and we do not yet have a final order. *See id.*; *Ellis v. Agriliance, LLC*, 2012 Ark. App. 549.

We note that Terry's bankruptcy does not affect the lack of finality. A bankruptcy filing does not completely divest the circuit court of jurisdiction over all matters in a lawsuit. Rather, it simply suspends the court's jurisdiction, subject to that jurisdiction being restored. *See Jones v. Nat'l Bank of Commerce*, 207 Ark. 613, 182 S.W.2d 377 (1944). Thus, while various claims in this lawsuit were stayed by the bankruptcy court at the time the orders on appeal were entered, those claims remained pending and the circuit court could have re-acquired the ability to rule on them at any time. *See generally Bank of Ark. v. First Union Nat'l Bank*, 342 Ark. 705, 30 S.W.3d 110 (2000); *Odom v. First Nat'l Bank in Little Rock*, 5 Ark. App. 35, 631 S.W.2d 846 (1982).

Based on the foregoing, we dismiss the appeal and cross-appeal without prejudice for lack of finality.[2] Our ruling makes it unnecessary to address Jane's motion to dismiss, in which she argues that Terry's notice of appeal was untimely. Consequently, we deny her motion as moot at this time. However, if a subsequent appeal is taken, she is not prohibited from refiling her motion if she determines that the facts and the law warrant it.

Finally, we take the opportunity to address a need for rebriefing in the event Terry decides to pursue an appeal after obtaining a final order. An appellant's addendum must contain matters that are essential for the appellate court to understand the case and confirm its jurisdiction. Ark. Sup. Ct. R. 4–2(a)(8)(A)(i) (2014). Toward these ends, Terry's addendum should include his February 13, 2014 motion to reconsider; his October 23, 2013 amended motion to set aside default judgment; and his November 17, 2013 defendant's reply brief to plaintiff's supplemental brief. These documents are necessary to confirm our jurisdiction and assist in our understanding of the issues.

Further, an appellant's abstract must contain the material parts of all transcripts. Ark. Sup. Ct. R. 4–2(a)(5) (2014). Terry's abstract contains portions of all relevant hearings but omits some of his own testimony and colloquies with the court that occurred while he was representing himself. Because the issue of waiver will be material to the arguments on appeal, the abstract should include all of Terry's testimony or communications with the court in

---

[2]Without a final order, no appeal can be entertained by our court, even on a collateral matter such as attorney's fees. *LaRue v. Ground Zero Constr., Inc.*, 2014 Ark. App. 93.

SLIP OPINION

which he acknowledges the receipt of and failure to answer the requests for admission and agrees to the appointment of a receiver and an accounting.

These briefing deficiencies should not be considered an exhaustive list; we encourage appellant to review our rules of appellate procedure to ensure that any subsequent brief comports with our requirements.

Dismissed without prejudice; appellee's motion to dismiss appeal moot.

GLOVER and HOOFMAN, JJ., agree.

*James Howard Smith*, for appellant.

*Sutter & Gillham, P.L.L.C.*, by: *Luther Oneal Sutter* and *Lucien Gillham*, for appellee.