

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-16-16

| | | |
|---|---|---|
| | | Opinion Delivered: SEPTEMBER 7, 2016 |
| DAVID A. STEBBINS | | APPEAL FROM THE BOONE COUNTY CIRCUIT COURT |
| | APPELLANT | [NO. CV-12-85] |
| V. | | HONORABLE RUSSELL ROGERS, SPECIAL JUDGE |
| DAVID D. STEBBINS | | REMANDED TO SETTLE AND |
| | APPELLEE | SUPPLEMENT THE RECORD; REBRIEFING ORDERED |

## KENNETH S. HIXSON, Judge

The parties to this appeal are appellant David A. Stebbins and his father, appellee David D. Stebbins. At the time of the incident giving rise to this litigation, the son was residing with the father. In an attempt to eliminate or reduce previous friction between the parties, the parties had executed a written agreement setting forth the terms and conditions whereby the son could live in the father's residence. On November 24, 2011, the police were called to the home of the father David D. Stebbins and found that the father had suffered knife wounds to his face. The son, David A. Stebbins, was arrested and charged with battery. The son subsequently filed suit against his father claiming that his father had breached the written contract between the parties that night by failing to provide adequate high-speed internet service. Appellant further claimed that, after he confronted his father about the problem with the internet, his father punched him in the face, and then the father

purposely cut his own face with a knife to make it appear as if he had been attacked by his son. Appellant asserted in his complaint that his father pressed criminal charges against him knowing them to be false, and used the alleged attack as a means to circumvent the lease-agreement provision of the parties' contract and unlawfully evict appellant from his house. The complaint alleged six separate causes of action, including malicious prosecution, abuse of process, defamation, breach of contract, conversion, and battery. Appellant subsequently filed an amended complaint, adding additional claims for identity theft, tort of outrage, negligence, and forgery.

The case was tried to a jury, and the jury's verdicts were returned in favor of the father David D. Stebbins. Thereafter, the trial court entered a judgment dismissing appellant's complaint with prejudice. David A. Stebbins filed a motion for a new trial and subsequently filed a second motion for new trial, which were both denied by the trial court. David A. Stebbins now appeals from the underlying judgment and the order denying his second motion for new trial.

On appeal, the son David A. Stebbins raises twenty-nine arguments for reversal. Because David A. Stebbins' addendum contains a document not contained in the record, we remand to settle the record to include that document if it exists. Specifically, we direct that the record be settled and supplemented with a letter from the trial judge to the parties dated January 23, 2015, a copy of which is contained in appellant's addendum at pages

190−91.[1]  Moreover, because David A. Stebbins has submitted a brief with a significantly deficient addendum and abstract, we also order rebriefing.

Rule 4-2(a)(8) of the Arkansas Supreme Court Rules provides that the addendum contained in the brief must contain all documents in the record that are essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal.  Rule 4-2(a)(8)(A)(i) specifically provides that the addendum must include the jury's verdict forms and the order being appealed.  Appellant's addendum does not include the jury's verdict forms (interrogatories No. 1 through No. 4), nor does it include the trial court's order denying appellant's second motion for new trial, from which appellant has appealed.  Additionally, we observe that one of appellant's arguments challenges the trial court's denial of his proposed jury instructions.  While appellant did include in his addendum the instructions he proposed, he failed to include the jury instructions actually given by the trial court, and these jury instructions are also essential to our review of the case.  Finally, we note that appellant's case rests in large part on the alleged breach of the parties' written contract, but there is no legible copy of the contract in the addendum.  On rebriefing, we order appellant to include in the addendum each of the omitted documents identified above.

We further conclude that appellant's abstract is in flagrant violation of Rule 4-2(a)(5)(B), which provides that the abstract "shall be an impartial condensation, without comment or emphasis, of the transcript."  The appellant's abstract is inaccurate and misleading in numerous respects.  For example, the abstract contains witness testimony

---

[1] Pursuant to Ark. R. App. P.−Civ. 6(e), if anything material to either party is omitted from the record by error or accident, we may direct that the omission be corrected, and if necessary, that a supplemental record be certified and transmitted.

which, when compared to the actual record, has been partially fabricated. Additionally, the abstract contains numerous statements attributed to the trial judge that appear to have been manufactured by the appellant out of whole cloth. Appellant misquotes the judge as calling him a "punk" on multiple occasions, further misquotes the judge as stating that he had no regard for the law and was making his rulings based on his like for the defense and dislike for the appellant, and at the conclusion of the trial appellant misrepresents the trial judge as proclaiming that he was God and was incapable of making mistakes. These distortions in the abstract will not be tolerated by this court and must be corrected. On rebriefing, we order appellant to submit an accurate and impartial abstract of the material parts of the transcript, consistent with our abstracting rules.

Because of the deficiency in the record, we remand to the trial court to settle and supplement the record with the omitted document (the trial court's January 23, 2015 letter) within thirty days. Pursuant to Arkansas Supreme Court Rule 4–2(b)(3), we order appellant to file a substituted abstract, addendum, and brief within fifteen days from the date that the supplemental record is filed. The materials listed herein are not intended as an exhaustive list of deficiencies, and we encourage appellant to carefully review the rules and ensure that no other deficiencies exist before filing his substituted abstract, addendum, and brief. If appellant fails to cure the deficiencies within the prescribed time, the orders appealed from may be affirmed for noncompliance with the rule. Ark. Sup. Ct. R. 4–2(b)(3). The appellee is allowed fifteen days from the date appellant files his substituted brief in which to respond, if he so chooses.



Remanded to settle and supplement the record; rebriefing ordered.

KINARD and WHITEAKER, JJ., agree.

*David A. Stebbins*, pro se appellant.

No response.