

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-16-16

| | | |
|---|---|---|
| | | Opinion Delivered: September 6, 2017 |
| DAVID A. STEBBINS | APPELLANT | APPEAL FROM THE BOONE COUNTY CIRCUIT COURT [NO. 05CV-12-85] |
| V. | | |
| | | HONORABLE RUSSELL ROGERS, JUDGE |
| DAVID D. STEBBINS | APPELLEE | APPEAL DISMISSED |

## KENNETH S. HIXSON, Judge

The parties to this appeal are appellee David D. Stebbins and his adult son, appellant David A. Stebbins. [1] At the time of the incident giving rise to this litigation, the adult son was residing with the father. In an attempt to eliminate or reduce previous friction between the father and son, the parties had executed a written agreement setting forth the terms and conditions whereby the son could live in the father's residence. On November 24, 2011, the police were called to the home of the father David D. Stebbins and found that the father had suffered knife wounds to his face. The son, David A. Stebbins, was arrested and charged with battery. The son subsequently filed suit against his father claiming that his father had breached the written contract between the parties that night by failing to provide adequate high-speed internet service. Appellant further claimed that, after he confronted his father

---

[1]This is David A. Stebbins' second appeal of this matter. We remanded the first appeal, ordering supplementation of the record and rebriefing due to deficiencies in his abstract and addendum. *See Stebbins v. Stebbins*, 2016 Ark. App. 385.

about the problem with the internet, his father punched him in the face, and then the father purposely cut his own face with a knife to make it appear as if he had been attacked by his son. Appellant asserted in his complaint that his father pressed criminal charges against him knowing them to be false, and used the alleged attack as a means to circumvent the lease-agreement provision of the parties' contract and unlawfully evict appellant from his house. The complaint alleged six separate causes of action, including malicious prosecution, abuse of process, defamation, breach of contract, conversion, and battery. Appellant subsequently filed an amended complaint, adding additional claims for identity theft, tort of outrage, negligence, and forgery.

The case proceeded to a jury trial, and at the conclusion of the trial the jury was given interrogatories pertaining to only two of the ten claims. Specifically, the jury was instructed on breach of contract and battery, and returned verdicts in favor of the father David D. Stebbins on those two claims. Thereafter, the trial court entered a "judgment on jury verdict against plaintiff," and the order stated that David A. Stebbins' complaint was dismissed. David A. Stebbins filed a motion for new trial and subsequently filed a second motion for new trial, which were both denied by the trial court. David A. Stebbins now appeals from the underlying judgment and the order denying his second motion for new trial.

On appeal, the son David A. Stebbins raises twenty-nine arguments for reversal. We dismiss the appeal for lack of a final order because the judgment disposed of only two of the son's claims, leaving eight claims remaining.

Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil provides that an appeal may be taken only from a final judgment or decree entered by the trial court. Although the parties did not raise the issue, the question of a final order is a jurisdictional requirement that the appellate court raises on its own in order to avoid piecemeal litigation. *Wilkinson v. Smith*, 2012 Ark. App. 604. Arkansas Rule of Civil Procedure 54(b) provides that, when more than one claim for relief is presented in an action or when multiple parties are involved, an order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not a final, appealable order. In particular, an order that adjudicates fewer than all the counts of a multicount complaint is not final. *Brasfield v. Murray*, 2009 Ark. App. 879. Although Rule 54(b) provides a method by which the trial court may direct entry of a final order as to fewer than all the claims or parties, where there is no attempt to comply with those provisions of Rule 54(b), the order is not final, and we must dismiss the appeal. *Jerry v. Jerry*, 2014 Ark. App. 63.

In this case, the judgment on appeal provides that "[t]he court enters this judgment pursuant to the jury's verdict." However, the verdict forms indicate that the jury did not determine the rights of the parties on David A. Stebbins' claims for malicious prosecution, abuse of process, defamation, and conversion, all of which were alleged in appellant's original complaint. Nor did the jury resolve David A. Stebbins' claims for identity theft, tort of outrage, negligence, or forgery, which were alleged in his amended complaint. Likewise, the trial court's judgment did not dispose of these remaining claims. Although the judgment contains broad language that David A. Stebbins "takes nothing in his complaint against the defendant and the complaint is hereby dismissed with prejudice," the

judgment was entered pursuant to the jury's verdict, which was limited only to appellant's claims for breach of contract and battery. The other four claims in David A. Stebbins' complaint remain unresolved. Moreover, the judgment makes no mention of appellant's amended complaint or the four claims therein.

Our supreme court has repeatedly held that it is not enough to dismiss some of the parties or to dispose of some of the claims; to be final and appealable, an order must cover *all of the parties and all of the claims*. *J-McDaniel Constr. Co. v. Dale E. Peters Plumbing Ltd.*, 2013 Ark. 177. Because a final order has not been entered disposing of all the claims, we lack jurisdiction of this appeal, and it must be dismissed.

Appeal dismissed.

GLOVER and WHITEAKER, JJ., agree.

*David A. Stebbins*, pro se appellant.

No response.