Cite as 2020 Ark. App. 372

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.**   CV-19-662

|  |  |
|---|---|
|  | **Opinion Delivered:**  September 2, 2020 |
| MARK JACKSON AND KINGRIDGE ENTERPRISES, INC.<br><br>APPELLANTS<br><br>V.<br><br>IBERIABANK<br><br>APPELLEE | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTEENTH DIVISION [NO. 60CV-16-5251]<br><br>HONORABLE MACKIE M. PIERCE, JUDGE<br><br>APPEAL DISMISSED WITHOUT PREJUDICE |

## KENNETH S. HIXSON, Judge

Appellant Mark Jackson appeals from an order of summary judgment entered in favor of appellee IberiaBank wherein the trial court awarded judgment against Jackson for $629,677.39 plus interest and other charges.  The judgment arose from separate defendant Kingridge Enterprises' (Kingridge's) default on a promissory note, the payment of which was personally guaranteed by Jackson.[1]  The order being appealed, however, is not final and appealable because IberiaBank's claims against Kingridge have not yet been disposed of by the trial court.  Therefore, we dismiss the appeal.

In August 2013, IberiaBank's predecessor in interest, Trust One Bank, extended an open-ended line of credit to Kingridge.  Simultaneously, Kingridge executed and delivered

---

[1]Jackson is Kingridge's president and CEO.

to Trust One Bank a promissory note and security agreement in the principal amount of $650,000. To secure repayment of the promissory note, Kingridge granted Trust One Bank a security interest in all of its equipment and accounts. To further secure repayment of the promissory note, Jackson executed a guaranty whereby he guaranteed full and prompt payment of the debts when due. In January 2014, IberiaBank acquired Trust One Bank's interests and obligations pertaining to the promissory note and collateral.

The promissory note matured in August 2014, at which time Kingridge was in default. The parties subsequently entered into a series of forbearance agreements whereby the parties agreed to modify the payment terms and maturity date. Under the last of the parties' forbearance agreements, the maturity date was extended to April 2016. According to IberiaBank, Kingridge remained in default in April 2016.

In September 2016, IberiaBank filed a complaint against Kingridge and Jackson alleging failure to perform their obligations under the promissory note and guaranty. IberiaBank sought a judgment in personam against Kingridge and Jackson, jointly and severally, and a judgment in rem against certain personal property belonging to Kingridge. In June 2017, Kingridge filed for bankruptcy, and an automatic stay was issued that prevented IberiaBank from pursuing Kingridge in the lawsuit during the stay. However, Jackson did not file for bankruptcy, and the automatic stay did not apply to him.

In March 2018, IberiaBank filed a motion for summary judgment against only Jackson, alleging that Jackson had breached the terms of the guaranty. In support of its motion, IberiaBank provided copies of the promissory note and guaranty. IberiaBank also attached to its motion the affidavit of its vice president for the special assets department,

2

Mark Reiber. In Reiber's affidavit, he averred that Kingridge had defaulted on the promissory note and forbearance agreements, and that despite demand, Jackson had refused to pay the obligations under the promissory note and guaranty. Reiber stated in his affidavit that there remained $629,677.39 in unpaid principal under the promissory note, along with interest and other charges. Jackson filed a response opposing IberiaBank's motion for summary judgment, and a hearing was held on the motion.

In December 2019, the trial court entered summary judgment against separate defendant Mark Jackson. In its order, the trial court found that there were no genuine issues as to any material fact and that IberiaBank was entitled to judgment against Jackson as a matter of law. The trial court awarded IberiaBank a judgment against Jackson for $629,677.39 plus interest and other charges. Jackson now appeals from the order of summary judgment, arguing that it should not have been entered because issues of material fact remained and discovery was incomplete. However, Jackson has appealed from a nonfinal order.

Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil provides that an appeal may be taken only from a final judgment or decree entered by the trial court. Although the parties did not raise the issue, the question of a final order is a jurisdictional requirement that the appellate court raises on its own in order to avoid piecemeal litigation. *Stebbins v. Stebbins*, 2017 Ark. App. 428. Arkansas Rule of Civil Procedure 54(b) provides that when more than one claim for relief is presented in an action or when multiple parties are involved, an order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not a final, appealable order. Specifically, our supreme court

3

has held that a summary-judgment order is not a final, appealable order when the order does not dispose of the complaints against all of the defendants. *Searcy Cty. Counsel for Ethical Gov't v. Hinchey*, 2011 Ark. 533. Although Rule 54(b) provides a method by which the trial court may direct entry of a final order as to fewer than all the claims or parties, where there is no attempt to comply with those provisions of Rule 54(b), the order is not final, and we must dismiss the appeal. *Jerry v. Jerry*, 2014 Ark. App. 63.

The summary-judgment order entered by the trial court failed to dispose of the claims against Kingridge, and there was no accompanying Rule 54(b) certificate directing a final order as to fewer than all the claims or parties. We acknowledge that pursuant to Rule 54(b)(5), any claim against a named but unserved defendant is dismissed by the trial court's final judgment or decree. However, that rule is inapplicable here because the record conclusively shows that both Kingridge and Jackson were served via warning order. For these reasons, the order is not a final, appealable order, and we are barred from considering the appeal.

We note that Kingridge's bankruptcy does not affect the lack of finality. Rather, it simply suspends the trial court's jurisdiction, subject to that jurisdiction being restored. *Yarbrough v. Powell*, 2015 Ark. App. 218, 459 S.W.3d 329. Thus, while IberiaBank's claims against Kingridge were stayed by the bankruptcy court when the summary-judgment order on appeal was entered, those claims remained pending, and the trial court could reacquire the ability to rule on them at any time. *See id*. We have consistently held that an order is not final when it fails to dispose of all the parties, even if those parties are under a bankruptcy stay, in the absence of a Rule 54(b) certificate containing an express determination that there

4

is no just reason for delay.  *See Ballard v. Ally Financial, Inc.*, 2016 Ark. App. 539, 505 S.W.3d 247; *Odom v. First Nat'l Bank in Little Rock*, 5 Ark. App. 35, 631 S.W.2d 846 (1982).

Our supreme court has repeatedly held that it is not enough to dismiss some of the parties or to dispose of some of the claims; to be final and appealable, an order must cover *all of the parties and all of the claims*.  *J-McDaniel Constr. Co. v. Dale E. Peters Plumbing Ltd.*, 2013 Ark. 177.  Because a final order has not been entered disposing of all the parties and claims, we lack jurisdiction of this appeal, and it must be dismissed.

Appeal dismissed without prejudice.

WHITEAKER and MURPHY, JJ., agree.

*David M. Littlejohn*, for appellant.

*Quattlebaum, Grooms & Tull PLLC*, by: *Geoffrey B. Treece* and *Mary-Tipton Thalheimer*, for appellee.

5