# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3058
_____

James Paul Aery

*Plaintiff - Appellant*

v.

Robert Billings, Sgt. Deputy; Individual & Official capacities; Ben Dickinson,
Jailer; Individual & Official Capacity; Tate, Jailer; Individual & Official Capacity;
Beltrami County; Patricia Grimsely, Beltrami County Deputy; Individual &
Official Capacity; Colandra Allen, Captain Beltrami County Jail; Individual &
Official Capacity

*Defendants - Appellees*

MEND, Medical Provider at Beltrami County Jail; Todd A. Leonard,
Doctor/Owner of Mend

*Defendants*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: April 18, 2024
Filed: April 26, 2024
[Unpublished]

_____

Before GRUENDER, ERICKSON, and KOBES, Circuit Judges.

_____

PER CURIAM.

James Aery appeals the district court's adverse grant of summary judgment as to claims against certain parties in his action under 42 U.S.C. § 1983. After careful review, we conclude that we lack jurisdiction to entertain this appeal because the order granting summary judgment is not final and appealable. See 28 U.S.C. § 1291 (appellate jurisdiction over final decisions of district courts); Thomas v. Basham, 931 F.2d 521, 523 (8th Cir. 1991) (stating that appellate court has obligation to raise jurisdictional issues sua sponte; appealable order typically ends litigation on merits and leaves nothing for court to do but execute judgment). There is no final judgment because claims against other parties, which were stayed pending bankruptcy proceedings, remain unresolved in the district court. See Kramer v. Cash Link Sys., 652 F.3d 840, 841 (8th Cir. 2011) (dismissing appeal for lack of jurisdiction where claims subject to stay remained pending after entry of judgment on other claims).

While Mr. Aery could have moved pursuant to Fed. R. Civ. P. 54(b) for a certification from the district court to appeal less than all claims on the grounds that there was "no just reason for delay," he made no such motion. And, there is no indication on this record that the district court intended to certify the summary judgment for appeal. Our precedent establishes that "there should be no doubt as to the district court's intention to certify." Sargent v. Johnson, 521 F.2d 1260, 1263 n.4 (8th Cir. 1975). Accordingly, we dismiss the appeal for lack of jurisdiction because it is premature.

_____